PRATT vs. FREAR and another, impleaded with PIXLEY and another.

Where a judgment of foreclosure is obtained without making a junior judgment creditor a defendant to the action, and the mortgaged premises are sold and the sale confirmed, his remedy is by a bill to redeem, and not by a petition filed *in the foreclosure action*, asking the court to set aside the judgment and allow him to come in and redeem.

APPEAL from the Circuit Court for *Rock* County. The facts are stated sufficiently in the opinion of the court.

January Term, 1861.

PRATT
v.
FREAR et al.

*Bennett, Cassoday & Gibbs*, for appellants, argued that the petitioner stood in the same situation in which the defendants *Frear* and *Winters* would have stood, if there had been no assignment of the judgment, and could make any motion in the case which they could have made. The petitioner is privy to their interest. Bouv. Dic. "Stranger;" 2 Blacks. Com., 356; 1 Greenl. Ev., §§ 23, 189, 190, 211; *Knowlton vs. Ray*, 4 Wis., 288. Is he then to be treated as a stranger to the record? The judgment of a court of competent jurisdiction is conclusive not only between the parties, but also between their *privies*. *Blount vs. Darrach*, 4 Wash. C. C., 659; *Jones vs. Henry*, 3 Litt., 430; *Allin vs. Hall*, 1 A. K. Marsh., 526; *Southgate vs. Montgomery*, 1 Paige, 41; 1 Wend., 295. The petitioner is the real party in interest. The assignment of the judgment carries with it all the equities and rights of the assignor. *Pattison vs. Hull*, 9 Cow., 747; *Bowdoin vs. Coleman*, 3 Abb. Pr. R., 431; *Briggs vs. Dorr*, 19 Johns., 95; *Martin vs. Hawks*, 15 id., 405; id., 342; *Franklin Bank vs. Raymond*, 3 Wend., 69; *Payne vs Lansing*, 2 id., 525; *Field vs. Mayor, &c.*, 2 Seld., 179; 11 Mass., 153. The assignee is bound to pursue his remedy in the same tribunal where the assignee, had no assignment been made, was bound to pursue it. The law abhors a multiplicity of suits. Junior judgment creditors may, on motion, set aside prior judgments against the same defendant in favor of other parties. *Butler vs. Lewis*, 10 Wend., 542; *Chamberlin vs. Day*, 3 Cow., 353. "A motion may be made by or on *behalf* of any parties to the record who are not in contempt. One who is not a party to the record cannot, *in general*, be allowed to apply by motion. A person, however, who is a *quasi* party to the record, such as a creditor coming in under a decree, or a purchaser under a decree of court, may apply to the court by motion." 1 Barb. Ch. Pr., 566; 3 Dan. Ch. Pr., 348; 2 Kern., 222. See also *Ward vs. Clark*, 6 Wis., 509; R. S., 1858, chapter 135, sec. 1; Howard's N. Y. Code, sec. 121; *McGown vs. Leavenworth*, 2 E. D. Smith, 24; *Murray vs. Gen. Mut. Ins. Co.*, 2 Duer, 607.

*J. Niel*, for respondent, cited 6 Wis., 509; 9 id., 184; 15 How. Pr. R., 229; 20 Johns., 296; 2 Denio, 353.

*By the Court,* COLE, J.   This is an appeal from an order of the circuit court of Rock county, refusing to set aside and vacate a judgment of foreclosure and sale.   The action was commenced by the respondent *Pratt*, in December, 1858, to foreclose a mortgage given by Pixley.   Frear & Winters, partners in trade in New York, on the 6th day of October, 1857, obtained a judgment in the United States district court for Wisconsin, against the defendant Pixley, for the sum of $772 49.   On the same day, Aaron S. Bright obtained a judgment against said Pixley, in the same court, for $461 89. These judgments were subsequent to the mortgage.   Executions were issued upon them, and a portion of the mortgaged premises was sold to the judgment creditors in December, 1857.   No deeds have ever been given on these sales.   In the foreclosure suit, attempts were made to get service on the defendants Bright, Frear and Winters, by the publication of the usual notice in a newspaper, and by mailing a copy of the summons, complaint and notice of the object of the suit, to them in New York.   It is contended, however, that this service was so defective that the court never acquired jurisdiction of the parties.   The action proceeded to judgment, and the property was sold in November, 1859.   The sheriff made his report of sale, which was confirmed, and the purchasers went into possession of the premises.   After this, one *W. F. Burgess* purchased the certificate of sale given by the marshal on the executions issued on the Frear & Winters and Bright judgments, and filed his petition in the original suit of *Pratt vs. Pixley et al.*, asking that the judgment of foreclosure and sale in that suit be declared null and void as against Frear & Winters and Bright; that the same be vacated and set aside as to them, and likewise as to him; that he be permitted to redeem the premises on paying the amount due on the note and mortgage; and that there be an account of the rents and profits of the property since the mortgagee went into possession, and that this amount be deducted from the mortgage debt.   The circuit court denied this application, and, as we think, properly. The ground of this application was, that the proceedings in the foreclosure suit were null and void as to the judgment

creditors Frear & Winters and Bright, on account of the de- <span>January Term, 1861.</span>
fective service of process upon them; and that *Burgess*, rep-
resenting their interests, had a right to redeem in the same <span>STEWART v. NETTLETON</span>
manner as though these proceedings had never been had.
Without stopping to determine the question whether this
position is sound, or to inquire whether the court ever ac-
quired jurisdiction of Frear & Winters and Bright, so as to
bar their right to redeem, we have to say that that right has
either been barred and foreclosed, or it has not. If it has
not been cut off, as the counsel for the appellant assumes,
then his remedy is to file his bill to redeem at once, instead
of proceeding in the manner he has done. He has filed his
petition in the foreclosure suit, thus making a suit within a
suit, which we think is bad practice. If the mortgage has
not been foreclosed as to the parties whose interests he has
obtained, he has a simple, direct and regular way to proceed,
which is to file his bill to redeem. It occurs to us that this
is the proper practice, in case their rights have never been
barred. Otherwise, it seem to us, the proceedings must be-
come quite complicated and confused, if the parties in in-
terest attempt to make up issues on a petition filed in the
original foreclosure suit.

We therefore think the circuit court properly refused to
set aside the judgment of foreclosure and sale.