MUELLER vs. BRIGHAM and another, Administrators, imp.

*October 3 — October 18, 1881.*

NOTICE OF DEED. *(1) "Purchaser in good faith" defined. (2) Plaintiff charged with notice of prior unrecorded mortgage.*

1. One who purchases land with knowledge of an outstanding incumbrance, or with information sufficient to put him on inquiry in reference thereto, is not a purchaser "in good faith," within the meaning of sec. 2241, R. S., so as to be protected by the prior record of his deed.
2. On the evidence in this case (stated in the opinion), this court holds that plaintiff, when he took the mortgage in suit, was chargeable with notice of an earlier unrecorded mortgage for purchase money.

APPEAL from the Circuit Court for *Milwaukee* County.

Foreclosure of a mortgage of land. On the 4th of December, 1873, Joseph Cary sold the mortgaged premises to

the defendant Carl Johann Ferdinand Lehfeldt, and took back a mortgage to secure $500 of the purchase money, which mortgage contained this stipulation: "This mortgage to be a second lien on said premises, and stand after a mortgage executed this day by parties of the first part to *Gustav Mueller*." This mortgage to Cary was not recorded. The mortgage referred to in the stipulation was executed by the same mort-gagor for $1,000, loaned to him by the plaintiff, *Gustav Mueller*, December 4, 1873, and was recorded the same day. Lehfeldt mortgaged the same premises to the plaintiff for a further loan of $500, April 23, 1874, and for a further loan of $1,000, March 23, 1875; and these two mortgages were duly recorded on the days on which they were respectively executed. In January, 1879, the plaintiff commenced an action to foreclose the three mortgages so executed to him, and judgment of foreclosure and sale was entered thereon August 4, 1879, but Joseph Cary, the owner of the purchase-money mortgage, was not made a party. March 18, 1880, Joseph Cary died, and soon thereafter *J. R. Brigham* and *Charles J. Cary* were appointed administrators of his estate; and on the 27th of September, 1880, and after the premises had been advertised for sale by the sheriff upon said foreclosure judgment, but before such sale, they obtained an order to show cause why said judgment should not be opened and vacated, as to them, and they, as such administrators, be made parties defendant, and allowed to file an answer to the complaint, on the ground that the mortgage of $500 executed to the plaintiff April 23, 1874, and the mortgage of $1,000 executed to him March 23, 1875, were both subordinate and subject to the mortgage to Joseph Cary, and that the same were taken by the plaintiff with knowledge of the existence of said Cary mortgage, and that said Joseph Cary was not a party and had no knowledge or information of the existence of said action, or of the judgment entered therein, and that they (the petitioners) had no such knowledge or information until a short time prior to the

making of their petition.    Upon that petition the court en-
joined the sheriff's sale.    On the 22d of November, 1880,
that injunction was dissolved, and it was ordered that the sale
proceed, and that $600 of the proceeds be paid into court,
subject to the further order of the court.    Accordingly, the
sheriff's sale was held November 27, 1880, when the property
was sold to the plaintiff for $2,500, of which sum $600 was
paid into the court subject to the further order thereof.    De-
cember 4, 1880, the sheriff's report of sale was filed and con-
firmed.    The hearing of the order to show cause was continued
until January 17, 1881, when the petitioners were made par-
ties defendant, and relieved of the judgment as to their intes-
tate, and it was ordered that their answer stand as an answer
to the complaint, and that the $600 so paid into court be sub-
ject to the determination of the issue formed thereon, but
that in other respects the judgment should remain undisturbed,
especially so far as it affected the premises and sale.    After
hearing the proofs upon that issue, the finding of the court
thereon was filed, and judgment thereon entered March 14,
1881, whereby the Cary mortgage was not only adjudged to be
subject to the mortgage of December 4, 1873, mentioned in
the stipulation, but also postponed and made subordinate and
subject to each of the other mortgages to the plaintiff, bearing
date respectively, April 23, 1874, and March 23, 1875, to the
payment of which last two mortgages the whole of the $600
so paid into court was thereby applied.    From that adjudication,
entered upon the foot of the former judgment, this appeal
was brought by said petitioners.

    The cause was submitted on the brief of *Jenkins, Elliott &
Winkler* for the appellants, and that of *Nath. Pereles & Sons*,
as attorneys, with *E. P. Smith*, of counsel, for respondent.

    CASSODAY, J.    In actions to foreclose mortgages courts are
expressly empowered, at any time after judgment and before
sale, to grant leave to amend the summons, complaint, and all

the proceedings in the action, by making a defendant any person who is a proper or necessary party; and to allow such party to answer and defend in like manner as if he had been originally made a party thereto; and to amend the original judgment so as to bar and foreclose him thereby, or to make any provisions in regard to his rights and interests, in like manner as he could have done had he been made originally a party. Section 3161, R. S. The application of the petitioners to be made parties defendant and allowed to defend was made in time under this statute; but the complaint was not in fact amended on such application, nor they made parties nor allowed to defend, until after the sale. In the absence of such a statute, or had no such application been made until after the sale, the court, probably, would have been authorized to remit the petitioners to their remedy by bill to redeem. *Pratt v. Frear*, 13 Wis., 462. But here the court, after the sale, upon the application made before the sale, granted the prayer of the petitioners, and, with the apparent acquiescence of all parties, the sale was allowed to be made, and then the controversy was transferred from the mortgaged premises to the proceeds of such sale which had been paid into court; and no objection is made, and apparently none has been made, to the regularity of the proceedings.

It is conceded that the plaintiff had full knowledge of the existence of the Cary mortgage at the time he took his mortgage dated December 4, 1873. Section 2241, R. S., only protects subsequent purchasers in good faith for a valuable consideration, and not those who purchase with the knowledge of an outstanding unrecorded mortgage. In such case, to purchase in good faith is to purchase without knowledge of the outstanding incumbrance, or any information sufficient to put the purchaser upon inquiry. Mere suspicion or rumor of payment is not sufficient to do away with the effect of such knowledge. This, in effect, has often been held by this court, as appears from the authorities cited by counsel for the

appellants. See also *Erwin v. Lewis*, 32 Wis., 276; *Gilbert v. Jess*, 31 Wis., 110. Here the plaintiff asks protection against the Cary mortgage, on the ground that when he made the second loan to Lehfeldt he inquired of him as to the purchase money, and was informed that it was all right; that it was all fixed up; and that the Cary mortgage did not appear on the abstract. The answer of Lehfeldt was, to say the least, equivocal, and, in our judgment, the evidence fails to bring the plaintiff within the protection of the statute. The plaintiff apparently thought that an unrecorded mortgage was inoperative even against one having knowledge of its existence, and hence made no effort to ascertain the facts from Cary. He evidently knew of the Cary mortgage being unpaid before the foreclosure, and yet he did not make him a party. It is well settled that the court has no authority to relieve a party from a misconception of the law upon a given state of facts. With our view of the case and the evidence, we are clearly of the opinion that the appellants are entitled to so much of the money paid into court as is sufficient to satisfy the amount unpaid on the Cary notes and mortgage, together with their taxable costs and disbursements in the litigation.

*By the Court.*— The judgment of the circuit court appealed from is reversed, and the cause is remanded with direction to enter judgment in favor of the appellants in accordance with this opinion.