Ellen H. Bjornberg, Appellant, v. Frank W. Myers, Elizabeth A. Myers, Forrest M. Myers, Chester C. Broomell, Trustee, Francis E. Broomell, Successor in Trust, Edward H. Craft, Mary Craft and Burhans, Ellingwood & Company, Appellees.

Gen. No. 24,087.

1. TORRENS ACT, § 2*—*when registered trust deed takes priority over known, prior unregistered land contract.* Under the Torrens Act (J. & A. ¶ 2284 et seq.) a registered trust deed from the registered owner of the premises gives the grantee a lien superior to. that of one who is in possession of the premises under a prior unregistered contract of purchase on which the purchaser has made payments, even though such grantee knew of the contract.

2. STATUTES, § 216*—*what considered in construing statutes adopted from another State.* Decisions of the courts of another jurisdiction construing a statute from which a domestic statute has been adopted are persuasive with the domestic courts in construing the domestic statute.

3. TORRENS ACT, § 2*—*when transferee of registered owner not affected with notice of unregistered lien or interest.* Under section 42 of the Torrens Act (J. & A. ¶ 2325), except in case of fraud, a transferee of the registered owner is not affected with actual or constructive notice of any unregistered lien, claim or interest, and mere knowledge of such claim or interest cannot be considered as fraud.

4. TORRENS ACT, § 2*—*what does not affect priority of registered trust deed over prior unregistered land contract.* That the Torrens Act (J. & A. ¶ 2284 et seq.) contains no express provision indicating that possessory rights shall be forfeited by failure to file written notice of such rights with the registrar does not render the lien of a registered trust deed inferior to the lien of one in possession of the premises under a prior unregistered contract of sale.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded with directions. Opinion filed October 1, 1918.

GEORGE W. BROWN, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXII 17

Morrill, Shannon & Triska, for appellee Edward H. Craft.

Mr. Justice McSurely delivered the opinion of the court.

Complainant filed her bill to foreclose a trust deed given to secure payment of certain notes. The master to whom reference was had reported that there was due her $1,701.63, for principal, interest and solicitor's fees, but that she should have a lien on the real estate described in the trust deed for $1,450 only, and should have judgment against Chester C. Broomell, a defendant, for the remainder due. A decree was entered in accordance with this recommendation, from which complainant appeals, saying that she is entitled to a lien on the premises for the entire amount found to be due her, and to a sale of same to satisfy this lien.

The material facts are that William H. Myers was the owner of the premises in question and caused the same to be duly registered under the provisions of the "Act concerning land titles," in force May 1, 1897 (Hurd's Ill. St. 1915-16, page 608, J. & A. ¶ 2284 *et seq.*), usually called the Torrens System, and on April 10, 1902, a certificate of registration was issued to him. On April 1, 1910, Myers entered into a written contract with Edward H. Craft, one of the defendants, to convey said premises to Craft for $3,100, which was to be paid, $100 on signing the contract and the balance in monthly instalments, with interest, until the whole should be paid. The contract provided that Myers should furnish a certificate of title under the Torrens System showing a merchantable title in him. This contract was not registered. Shortly after the contract was executed Craft took possession of the dwelling house upon the premises and has used and occupied the same ever since as his home. A short

time prior to October 3, 1910, Myers applied to Chester C. Broomell for a loan of $1,400 on the premises. They went together to examine the same, and Mrs. Craft was told of the proposed loan. Subsequently, on October 3, 1910, the loan was closed by Myers giving the notes and trust deed in question to Broomell, who paid the money represented by the loan to Myers. Subsequently the trust deed and the notes became the property of Ellen H. Bjornberg, the complainant. Before the loan was closed, Broomell knew of the contract with Craft for the purchase of the property and that he was in possession. The trust deed was filed by Broomell with the Registrar of Titles under the provisions of the Torrens System on October 3, 1910, and a memorial thereof duly entered on the certificate of title.

There are other circumstances and details appearing by the evidence which doubtless moved the chancellor towards the conclusion that the decree entered was proper upon general equitable grounds. However this may be, another consideration impels us to the opinion that the decree must be reversed. We hold that complainant is correct in her contention that under the Land Titles Act the registered trust deed from Myers to Broomell became and still is a lien upon the premises described therein, superior to the unregistered contract of purchase held by Craft and his rights thereunder, and that Broomell in taking from the registered owner and registering the trust deed as security for a loan made in good faith was unaffected by his knowledge of Craft's interest.

The Land Titles Act referred to has been held constitutional by our Supreme Court in *People v. Simon,* 176 Ill. 165, the court saying that when the title has been registered, ascertained and declared, "thereafter the tenure of the owner, the right of transfer and incumbrance, and all rights subsequently accruing, shall be determined in accordance with the rules

now prescribed." In a recent opinion by a branch of this Appellate Court, *Hacken v. Isenberg,* 210 Ill. App. 120, it was held that as the Torrens Act was a special act concerning registration of land titles, it supersedes any rules of the general law with which it is in conflict, and this conclusion is supported by citations of decisions in New Zealand and the State of Washington, where similar land title acts have been the subject of adjudication. *McMullen & Co. v. Croft,* 96 Wash. 275; *Bishop v. Rowe,* 23 New Zeal. L. 66.

In *Fels v. Knowles,* 26 New Zeal. L. 604, the court characterized the Torrens System thus:

"The cardinal principle of the statute is that the register is everything, and, that, except in cases of actual fraud on the part of the person dealing with the registered proprietor, such person, upon registration of the title under which he takes from the registered proprietor, has an indefeasible title against all the world."

In *Mordaunt's Assignee v. Gibson,* 33 New Zeal. L. 1423, the court said:

"The Land Transfer System can take no notice of agreements. Registration is necessary to effect a transfer of an interest. But what the second mortgagee asks the court to do is to record the unregistered memorandum or the agreement as transferring to him a priority and giving to him a right without any registration thereof. Were unregistered documents to be recognized as affecting registered documents the Land Transfer System would be destroyed. * * * The mere execution of registrable instruments was held to transfer no interest. Registration was necessary to give effect to them."

This is supported by *Otago Harbor Board v. Spedding,* 4 New Zeal. L. 272, and *Waitara v. McGovern,* 18 New Zeal. L. 372. In accord with this holding is also the opinion in *Cooke v. Union Bank,* 14 N. S. Wales L. R. Eq. 280.

We believe it is correct to say that in all the re-

ported cases touching this question it has been held that a registered title, lien or interest is prior and superior to an unregistered title, lien or interest. It is an insufficient reply to say that as these decisions concern cases in foreign jurisdictions they are of no weight here. Naturally adjudications touching the construction of land title acts would be found more numerous where such acts were earliest in force, and as our act is concededly adopted from those countries and in substance and many particulars identical with those acts, the construction placed thereon by such courts should be of great persuasive influence.

The provisions of the Illinois Land Titles Act (J. & A. ¶¶ 2325, 2329) pertinent to the present controversy are as follows:

"42. Except in case of fraud, and except as herein otherwise provided, no person taking a transfer of registered land, or any estate or interest therein, or of any charge upon the same from the registered owner shall be held to inquire into the circumstances under which, or the consideration for which such owner or any previous owner was registered, or be affected with notice, actual or constructive, of any unregistered trust, lien, claim, demand or interest; and the knowledge that an unregistered trust, lien, claim, demand or interest is in existence shall not of itself be imputed as fraud."

"46. The bringing of land under this act shall imply an agreement which shall run with the land that the same shall be subject to the terms of the act and all amendments and alterations thereof. And all dealings with land or any estate or interest therein after the same has been brought under this act, and all liens, incumbrances and charges upon the same subsequent to the first registration thereof, shall be deemed to be subject to the terms of this act."

Another section provides that every mortgage, contract to sell, or other instrument intended to create a charge upon registered land or any interest therein may be registered.

The meaning of section 42 is clear. Except in case of fraud a transferee of the registered owner shall not be affected with notice, actual or constructive, of any unregistered lien, claim or interest, and mere knowledge of such unregistered lien, claim or interest shall not be considered as fraud. It is not claimed in the instant case that there was any fraud in any of the transactions between the parties; the loan from Broomell to Myers was made in good faith. All of the parties, including Craft and Broomell, knew of the respective claims and interests of each other, and such knowledge cannot be imputed as fraud. It would seem, therefore, too clear for argument that if we are to give force and effect to the provisions of the Torrens Act, which we must do, it must be held that the lien of the registered trust deed of Broomell, subsequently conveyed to the complainant, was superior to the rights and interest of Craft under his unregistered contract of purchase.

It is suggested in opposition that the Land Titles Act of Illinois does not by any express provision indicate that possessory rights shall be forfeited by reason of the failure to file written notice of these rights with the Registrar of Titles. This is immaterial: (1) The language of section 43 is broad enough to cover any right, including a possessory right. (2) Craft's right of possession rested solely upon his unregistered contract.

It might be added by way of comment that in a certain equitable sense there is no injustice in subjecting the premises occupied by Craft to a lien for the entire amount due under the notes and trust deed. He knew that he was contracting with reference to a registered title; his contract so reads; he must be held to have known that this contract could be registered, thus fully protecting his interest; he had both actual and constructive knowledge of the mortgage lien. He concedes that he should pay thereon $1,450 and has

offered to do this. There is no injustice in requiring him to pay the full amount due to protect his interest in the land.

For the reasons above indicated the decree is reversed and the cause is remanded with directions to enter a decree in favor of the complainant giving her a lien for the full amount due her upon the premises described in the trust deed, and such other and further relief as she may be entitled to.

*Reversed and remanded with directions.*