Chicago & Riverdale Lumber Company, Appellee, v. Bernard Vellenga et al., on appeal of Bernard Vellenga, Appellant.

## Gen. No. 26,787.

1. ˙MECHANICS' LIENS—*what statute does not govern subcontractors.* Section 7 of the Mechanics' Liens Law (Cahill's Ill. St. ch. 82, ¶ 7), providing that no contractor shall be allowed to enforce his lien unless within 4 months after completion, etc., he shall either begin his suit to enforce his lien or file a claim for lien, relates only to contractors, and subcontractors are therefore not governed thereby, as section 24 (Cahill's Ill. St. ch. 82, ¶ 24) prescribes the notice to be given by subcontractors and section 33 (Cahill's Ill. St. ch. 82, ¶ 33) the time within which suit must be begun.

2. MECHANICS' LIENS—*when subcontractor loses right to lien as against purchaser of property.* As a subcontractor was required under section 92 of the Torrens Act (Cahill's Ill. St. ch. 30, ¶ 133) to give notice of his claim by filing in the registrar's office an affidavit of the character indicated by that section, the subcontractor in question, who had complied with all the provisions of the Mechanics' Liens Act, lost his right to a lien as against a purchaser who acquired title within the 4 months allowed by the Liens Act for the filing of the subcontractor's bill to foreclose, because of his failure to file such notice in the registrar's office.

3. TORRENS ACT—*priority of registered title, lien, interest or claim.* It was intended by the Torrens Act that the certificate of registration issued in conformity with its provisions should be conclusive evidence of the title of the registered owner and of all existing liens thereon, and the reported cases hold that a registered title, lien, interest or claim is superior to a nonregistered title, lien interest or claim.

4. MECHANICS' LIENS—*construction of Liens Act and Torrens Act.* The legislature intended the Mechanics' Liens Act and the Torrens Act to be interpreted with reference to each other and that such a construction should be put upon them that both acts would be

506    APPELLATE COURTS OF ILLINOIS.

Chicago & Riverdale Lumber Co. v. Vellenga, 224 Ill. App. 505.

effective, if possible, and that neither of them would be repugnant to the other.

5. MECHANICS' LIENS—*when purchaser of land not estopped to assert rights as against subcontractor's claim.* Under section 42 of the Torrens Act (Cahill's Ill. St. ch. 30, ¶ 90), providing that, except in cases of fraud, etc., no person taking a transfer of registered land shall be affected with notice, actual or constructive, of an unregistered trust, lien, etc., and that knowledge of an unregistered trust, lien, etc., shall not of itself be imputed as fraud, one who purchased land with actual knowledge of the existence of a subcontractor's claim was not estopped from asserting his rights as a subsequent purchaser, where the subcontractor, who had complied with all the requirements of the Liens Act, failed to file the notice required by section 92 of the Torrens Act (Cahill's Ill. St. ch. 30, ¶ 133).

GRIDLEY, P. J., dissenting.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Reversed and remanded with directions. Opinion filed March 21, 1922. Rehearing denied April 3, 1922. Opinion withdrawn and refiled April 12, 1922.

GUSTAVE NELSON, for appellant.

ARCHIBALD CATTELL and CARL A. WALDRON, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a decree of the superior court of Cook county entered December 24, 1920, whereby a lien was established in favor of the complainant, who is appellee here, upon real estate therein described for certain lumber and millwork furnished by complainant and used in the erection of a building on said real estate. The decree further found that the rights of complainant in said real estate by virtue of said lien were superior to those of the appellant Vellenga, who purchased the property, with knowledge of the lien claim, within 4 months after the money became due under the terms of complainant's contract for furnishing

said material. The appellant seeks a reversal of this decree upon the ground that his rights as a subsequent purchaser for value are superior to those of complainant, because, as he asserts, no notice of the lien claim was filed within the time provided by law and for the further reason that his certificate of registration of the land under the Torrens Act did not disclose the complainant's claim for a lien.

There is no dispute as to the facts in the case. The record shows that the real estate in question was registered under the Torrens system and was owned by Frank G. Turner and Cora Turner, his wife, as joint tenants until November 19, 1917, on which date they executed and delivered to Henry W. Johnson a warranty deed of the premises, which was never recorded and which was subsequently returned to the grantors. Johnson entered into a contract with one Anderson, a general contractor, to erect a building on the premises. Anderson contracted with the complainant for the latter to furnish lumber and millwork to be used in the construction of said building. The complainant was therefore a subcontractor. The contract with complainant was partly oral and partly written. The last delivery of material by the complainant was February 14, 1918, at which time there was a balance due of $720.56. Payment was to be made 30 days after the last delivery. Complainant served a notice, in conformity with section 24 of the Liens Act (Cahill's Ill. St. ch. 82, ¶ 24), on Johnson, the owner, under said unrecorded deed, on April 12, 1918, within 60 days after the date of the last delivery. The sufficiency of this notice is not questioned and it is not denied that it was served on the proper person within the required time. On April 8, 1918, the defendant Vellenga had a telephone conversation with the secretary of complainant in which the former stated that he was negotiating with Johnson for the purchase of the property and inquired the amount of complainant's bill. The secretary

told him the amount and at Vellenga's request mailed him an itemized statement showing the material and prices therefor, which was received by Vellenga on or about April 9, 1918. The secretary also informed Vellenga that the bill had not been paid and that the complainant claimed a lien against the premises. On May 18, 1918, Vellenga completed his purchase of the premises from Johnson, and Turner and his wife conveyed the property to Vellenga, the unrecorded deed from the Turners to Johnson being taken up and destroyed. The deed from the Turners to Vellenga was filed in the Torrens office May 21, 1918, and a certificate was issued to him showing no memorial of the complainant's lien. On July 13, 1918, the complainant filed its bill to foreclose its lien as a subcontractor and on the same day filed in the office of the registrar of titles its notice of *lis pendens* as required by section 54 of the Torrens Act (Cahill's Ill. St. ch. 30, ¶ 125).

Appellant contends that complainant was not entitled to a lien upon the ground that the bill was filed more than 4 months after the last delivery. This contention is based upon section 7 of the Mechanics' Liens Law, Rev. St. ch. 82 (Cahill's Ill. St. ch. 82, ¶ 7), which provides that no contractor shall be allowed to enforce his lien unless within 4 months after completion, etc., he shall either begin his suit to enforce his lien or file with the clerk of the circuit court a claim for lien. Complainant was a subcontractor and therefore not governed by section 7 of the statute. He complied with section 24 of the Liens Act (Cahill's Ill. St. ch. 82, ¶ 24), which prescribes the notice to be given by a subcontractor. By section 33 of the Liens Act (Cahill's Ill. St. ch. 82, ¶ 33), it is provided that a petition shall be filed or suit commenced to enforce the lien of a subcontractor within 4 months after the time that the final payment is due for materials furnished by him. Section 7 of the Act relates only to contractors. Section 33 controls as to subcontractors. This suit was com-

menced in due time according to the provisions of section 33 of the Act, as the final payment for the materials in question did not become due until March 14, 1918, and the bill was filed July 13, 1918.

Appellant further contends that complainant is not entitled to a lien for the reason that at the time appellant received his Torrens certificate it contained no memorial of complainant's lien. A question of law therefore arises for determination as to whether or not a subcontractor who has complied with all the provisions of the Mechanics' Liens Act is prevented from enforcing his lien by reason of the fact that no notice of the lien was filed in the registrar's office, as against a purchaser who has acquired title within the period of 4 months allowed by the Liens Act, within which the subcontractor may file his bill to foreclose. It is admitted that no notice of any claim for a mechanic's lien on behalf of complainant was filed in the Torrens office on or prior to May 21, 1918, when the property was conveyed to Vellenga and his deed filed in the registrar's office and a certificate of title obtained showing title in him. The master to whom the case was referred found that the complainant had complied with all the provisions of the Liens Act entitling it to a lien and that the foreclosure should be granted unless the lien had been lost by complainant's noncompliance with some requirement of the Torrens Act, and was of the opinion that there must be a compliance with the provisions of both the Torrens Act and the Mechanics' Liens Act.

The master further held that under section 92 of the Torrens Act (Cahill's Ill. St. ch. 30, ¶ 133) the complainant was required to give notice of his claim by filing in the registrar's office an affidavit of the character indicated by that section, and that, failing to do so, he is precluded from asserting his right to a lien prior and superior to the rights of the appellant, who is a subsequent purchaser. The decree of the superior

510    APPELLATE COURTS OF ILLINOIS.

Chicago & Riverdale Lumber Co. v. Vellenga, 224 Ill. App. 505.

court found, among other things, that section 92 of the Torrens Act does not apply to the rights, claims, liens or demands of subcontractors and sustained the objections which had been filed to that part of the master's report. We think that the master was right and that the chancellor was wrong in this respect. It is unnecessary to set forth the remaining terms of the decree, as they relate solely to the enforcement of the lien.

It was the purpose of the Torrens Act to create an independent system of registration of land titles, requiring that notice of all liens relating to land so registered be filed and registered in the registrar's office. *McMullen & Co. v. Croft,* 96 Wash. 275; *Hacken v. Isenberg,* 288 Ill. 589. It was intended by the act that the certificate of registration issued in conformity with its provisions should be conclusive evidence of the title of the registered owner and of all existing liens thereon. *Robinson v. Kerrigan,* 151 Cal. 40. Except in cases of fraud, the registered owner has an indefeasible title against the world, subject only to registered liens. Registration is necessary to give effect to any claim of interest in the property. *Fels v. Knowles,* 26 New Zealand L. 604; *Mordaunt's Assignee v. Gibson,* 33 New Zealand L. 1423; *Cooke v. Union Bank,* 14 N. S. Wales L. R. Eq. 280. Without further citation of authorities we are justified in asserting that all reported cases to which our attention has been called hold that a registered title, lien, interest or claim is superior to a nonregistered title, lien, interest or claim.

It has been held by our Supreme Court that sections 89 and 90 of the Torrens Act (Cahill's Ill. St. ch. 30, ¶¶ 130, 131), when considered in connection with the provisions of the Mechanics' Liens Act, were enacted particularly in the interest of parties who might become purchasers or otherwise interested in registered land after mechanics' liens had attached, and these sections were not intended to enable any record owner to

defeat a lien given by the Liens Act; that sections 89
and 90 of the Torrens Act in express terms recognize
the Mechanics' Liens Act and that there is no section
in the Torrens Act which was enacted with a view to
repealing any section of the Mechanics' Liens Act.
*Hacken v. Isenberg,* 288 Ill. 589. In the same case, the
court also held that section 89 of the Torrens Act re-
quires, in substance, that the claim or notice for lien
mentioned in section 7 of the Liens Act shall be filed
in the registrar's office and that, until so filed and reg-
istered, no such lien shall be deemed to have been cre-
ated. This was substantially the only requirement of
the Torrens Act changing the procedure indicated by
section 7 of the Liens Act of 1895, which was in force
when the Torrens Act went into effect in 1897. The
effect of the provision contained in section 89 is that
the contractor's lien shall have only the force and ef-
fect of a contract with the owner until notice of the
claim has been filed and registered, but that when filed
within 2 years the lien attaches as to the owner as of
the date of the contract. The legislature intended both
of these acts to be interpreted with reference to each
other and that such a construction should be put upon
them that both acts would be effective, if possible, and
that neither of them was intended to be repugnant to
the other. *Hacken v. Isenberg, supra.* It is one of the
contentions of the appellant in the present case that
the appellee was required to file in the registrar's office
a notice of his claim as required under section 7 of the
Liens Law. This contention cannot be sustained for
the reason that section 89 of the Torrens Act (Cahill's
Ill. St. ch. 30, ¶ 130) applies in cases "where, by any
law in relation to the liens of mechanics or others, any
claim or notice is authorized to be filed in any court or
office." This plainly applies to the case of a con-
tractor and is not applicable to the case at bar, wherein
the complainant is a subcontractor.

The present Mechanics' Liens Law was enacted in

1903, and is a complete revision of the prior law upon the same subject, which was enacted in 1895. The act of 1903 repealed the act of 1895, but all provisions of the former act which were re-enacted in the act of 1903 are to be construed as still in force and not as a new enactment. Rev. St. ch. 131, sec. 2 (Cahill's Ill. St. ch. 131, ¶ 2). While certain sections were repealed, they were re-enacted at the same time, and hence did not at any time cease to be the law. Section 24 of the Act of 1903 was embodied in section 25 of the act of 1895, although many of the provisions of the latter section were not re-enacted in 1903. Both sections contain the same requirements as to the character of the notice to be given by a subcontractor and the period within which it is to be given. The Torrens Law was enacted after the Liens Act of 1895, and in recognition of its provisions, so that it must be assumed that the legislature intended both acts to be interpreted with reference to each other. In the *Hacken* case the court applied the rules of construction which are applicable to such cases, and held that the notice of the claim of a contractor specified in section 7 of the Liens Act must be filed in the office of the registrar of titles instead of the office of the clerk of the circuit court. Section 90 of the Torrens Act provides that no statutory or other lien shall be deemed to affect the title to registered land until after a memorial thereof is entered upon the register, as provided by the act. Section 92 of the Torrens Act (Cahill's Ill. St. ch. 30, ¶ 133) provides that: "Any person making any claim to or asserting any lien upon registered land not existing at the initial registry of the same and not shown upon the register, or adverse to the title of the registered owner, and no other provision is herein made for asserting the same in the registrar's office, may make affidavit thereof, setting forth his interest, right, title, lien or demand, and how and under whom derived and the character and nature thereof. The affidavit shall set forth his

place of residence and also his place of business, if he has one, and designate a place at which all notices relating thereto may be served. Upon the filing of such affidavit in the office of the registrar, the latter shall enter a memorial thereof, as in the case of a charge.'' If the decree of the superior court is sustained, it will have the effect of enabling a subcontractor to enforce a secret lien to the prejudice of the rights of a subsequent purchaser of the registered land, thereby and to that extent defeating the avowed purpose of the Torrens Act. The Supreme Court in the *Hacken* case held that where two acts covering the same subject have been passed by the legislature, they must be construed, if possible, so that each shall have due effect and the later act, which varies in some degree the procedure necessary to obtain the relief given by the former act, should be held to be an amendment or modification of it. This view as to the construction of the two acts has been approved by the Supreme Court in a recent decision. *In re Bickel,* 301 Ill. 484. Accordingly, we are obliged to hold that if the purpose and cardinal intent of the Torrens Act are not to be defeated, a subcontractor should file in the registrar's office the affidavit indicated by section 92 of the Act, in order to establish a lien upon registered land.

It is also contended by appellee that appellant is precluded from asserting his rights as a subsequent purchaser, because he had actual knowledge of the existence of appellee's claim through the interview and correspondence with appellee on April 8, 1918. This contention cannot be sustained for the reason that section 42 of the Act (Cahill's Ill. St. ch. 30, ¶ 90) provides as follows:

''Except in case of fraud, and except as herein otherwise provided, no person taking a transfer of registered land, or any estate or interest therein, or of any charge upon the same, from the registered owner shall be * * * affected with notice, actual or constructive, or of any unregistered trust, lien, claim, demand or

interest; and the knowledge that an unregistered trust, lien, claim, demand or interest is in existence shall not of itself be imputed as fraud.''

From the plain language of this section it follows that the knowledge acquired by the purchaser on April 8, 1918, as to the existence of appellant's claim, can have no significance in determining the legal question involved herein. *Bjornberg v. Myers*, 212 Ill. App. 257.

The decree of the superior court is reversed, and the case remanded with directions to enter a decree dismissing the bill for want of equity.

*Reversed and remanded with directions.*

BARNES, J., concurs.

GRIDLEY, P. J., dissents.