## No. 10,738.

### STERLING NATIONAL BANK, ET AL. *v.* FISCHER.

Decided May 5, 1924.

Action to compel the issuance of a registry certificate under the Torrens land act.   Judgment for plaintiff.

### *Reversed.*

1. TORRENS LAND ACT—*Record Notice—Possession.*   Under the facts disclosed in this case the contention that a purchaser of land registered under the Torrens land act, in the possession of another, is not a purchaser in good faith, held unsound.

2. VENDOR AND PURCHASER—*Innocent Purchase.*   There are three requisites to innocent purchase:   Payment of value, lack of notice, and good faith.

3. WORDS AND PHRASES—*Good Faith—Bad Faith.*   Good faith is lack of bad faith.   Bad faith is a state of mind.

4. VENDOR AND PURCHASER—*Bad Faith—Notice.*   To constitute actual bad faith on the ground of notice, the notice must be actual.

5. TORRENS LAND ACT—*Record.*   Section 4959 (C. L. '21) of the Torrens land act, eliminates constructive notice by record, concerning lands registered under the act.

6. LIS PENDENS—*Dismissal of Suit.*   Where a notice of lis pendens is filed on the bringing of a suit, the constructive notice afforded thereby does not persist after the dismissal of the action, even when the dismissal is without prejudice.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Mr. T. E. MUNSON, Messrs. COEN & SAUTER, for plaintiffs in error.

Messrs. MCCONLEY & MCCONLEY, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

ONE Crosson was the owner of land and had it registered under the Torrens Act. He then conveyed it by deed which the grantee did not register but recorded. By several conveyances, all recorded but none registered, the land reached Fischer. Each grantee was in possession by himself or tenant. The banks, plaintiffs in error, recovered judgments against Crosson and registered their liens without actual notice of the unregistered conveyances or the possession by the grantees. Fischer then brought suit to compel the issue of a registry certificate to him. He had a decree and the banks bring error.

The question is whether the recorded deeds or the possession was constructive notice of title in Fischer and his grantors.

1. It is not seriously contended that the recorded deeds are notice, but it is strongly urged that possession is notice. C. L. § 4956, provides that "every * * * purchaser ·of registered land who takes a certificate of title for value and in good faith, shall hold the same free from all incumbrances except only such estates, mortgages, liens, charges and interests as may be noted in the last certificate. * * *" It is claimed that a purchaser of land in the possession of another is not a purchaser in good faith. This claim is unsound. It is true, outside the Torrens Act, as held in *Colburn v. Gilcrest,* 60 Colo. 92, 151 Pac. 909, that possession is constructive notice. There are three requisites to innocent purchase: Payment of value, lack of notice, and good faith. Pom. Eq. Jur. § 745, et seq.; 8 C. J. 1146. Lack of notice and good faith are, therefore, different things. Good faith is lack of bad faith. Bad faith is a state of mind. It is sometimes by a fiction imputed to

a purchaser who has constructive notice, but, to constitute actual bad faith on the ground of notice, notice must be actual. To determine whether there was bad faith without actual notice then, we must first determine whether there was constructive notice. It is begging the question to say that there was bad faith, and therefore there was notice, because there is no suggestion of bad faith except because of notice, and it is reasoning in a circle to say that plaintiffs in error were guilty of bad faith because possession had given them notice, and that possession gives them notice because they were guilty of bad faith. Let us assume, however, that under the old law possession by one other than the grantor was conclusive proof of bad faith on the part of the grantee; does it follow that the same is true under the Torrens Act? No; because: First, the purpose of the act was to escape from the old rules governing the transfer of real estate; second, the express provisions of the Torrens Act must be violated to support the theory that mere possession is notice to one without actual notice of it.

C. L. § 4959 provides: "All dealings with the land or any estate or interest therein after the same has been brought under this act, and all liens, incumbrances and charges upon the same shall be made only subject to the terms of this act." If subject *only* to the terms of this act then not subject to the terms of any other law. It will not be contended that this does not exclude the operation of the old recording acts and therefore eliminates constructive notice by record. How then can it be said that it does not eliminate constructive notice by possession?

What are the terms of this act subject only to which the land may be dealt with? C. L. § 4968, says that the certificate "shall be received as evidence in all the courts of this state, and shall be conclusive as to all matters contained therein, except so far as is otherwise provided in this act." (The exception must refer to those exceptions in section 4956.) Where is the provision that a purchaser or creditor cannot take the certificate as conclusive, but

must look further, outside of the certificate, and at his peril learn whether some one with an adverse claim is in possession? If we say he *must,* we import that into the statute and the dealings with the land are then not subject *only* to the terms of the act, but are subject also to other terms, and the certificate is then not conclusive evidence of title.

The case of *Follette v. Pac. L. & P. Corp.,* supreme court of California, 189 Cal. 193, 208 Pac. 295, 23 A. L. R. 965, was unquestionably decided correctly, but, as I read the decision, it by no means reaches the present case. The claimant in possession in that case was the grantee of an easement, and easements of all kinds are by the Torrens Act of California expressly excepted from the force of a certificate under that act. Besides that, the easement was granted by the owner who afterwards procured the registry without notice to his grantee, though in open possession, and without naming him as a party to the proceeding. The court, of course, said that the claim that such proceeding barred the right of the grantee would make the law unconstitutional for want of due process and that the registry, as against the grantee, was void. No such situation appears here.

On the other hand, *Bjornberg v. Myers,* 212 Ill. App. 257, holds that even actual knowledge of possession by the holder of an unregistered claim is not in itself sufficient notice; but that holding depends upon a section of the Illinois Act which is not in the Colorado Act. The question is irrelevant here, however, because it is stipulated that in this case there was no actual notice of possession. Whether, then, a purchaser with actual notice of possession would be a purchaser in bad faith under section 4956, is a question we will answer when we meet it.

The plaintiff before he brought the present suit, brought an action to quiet title and filed a lis pendens in the registry office. That suit was dismissed, but the Logan County Bank registered its lien after that lis pendens was filed. In the present suit Fischer alleged that the Logan

County Bank, at the time it registered this lien, had notice of his claims.   This was denied by the bank.

We find no evidence in the record that the bank had actual notice of this lis pendens, and the court has made no finding upon that point, hence the matter is not before us.   There is no question but that it had constructive notice thereof.   The question is whether, after the dismissal of the suit, in which a notice of lis pendens is filed, constructive notice persists.   In this state it does not, even when the dismissal is without prejudice.   *Pipe v. Jordan,* 22 Colo. 392, 395, 45 Pac. 371, 55 Am. St. Rep. 138.   It would follow that the bank had no constructive notice available to plaintiff in the present action.   The judgment is reversed and new trial granted.

MR. JUSTICE ALLEN, MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL dissent.

MR. JUSTICE ALLEN (dissenting).

According to the majority opinion, parties dealing with registered land or the title thereto, are not affected with notice, actual or constructive, of any unregistered interest, and a judgment creditor need not look further than the certificate of title because he is not affected by any notice, actual or constructive, of any rights not noted on the certificate of title.   From that view or holding I dissent.

In *Follette v. Pac. L. & P. Corp.,* 189 Cal. 193, 208 Pac. 295, the supreme court of California said, in effect, that it should not be held that a possessor or occupant of real property under a claim of right, interest or ownership, however well founded, would be defenseless against the holder or transferee of a registered title under the registration act who had acquired the same for a full consideration but without any examination of the premises or any inquiry as to its actual possession and occupancy by another, unless such an interpretation of the law is found to be inevitable.   Section 36 of the California act, quoted

in the case above cited, provides among other things, that no person taking any interest or charge in or upon registered land, shall be affected with notice, actual or constructive, of any unregistered claim, demand or interest. The Colorado act omits any such provision. To me, the omission seems significant. The Illinois act, also, as is seen from *Bjornberg v. Myers,* 212 Ill. App. 257, includes a provision like section 36 of the California act.

The section of the Illinois act, and section 36 of the California act, above mentioned, appear in the respective registration statutes in those states separately from, and in addition to, a provision like or similar to section 30 of our act (section 4956 C. L. 1921). Section 30 of the Colorado act, so far as material here, reads as follows: "Every person receiving a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land who takes a certificate of title for value and in good faith, shall hold the same free from all incumbrances except only such * * * as may be noted in the last certificate of title in the registrar's office, * * *."

The absence of any provision in our statute similar to section 36 of the California act, or the like section in the Illinois act, makes it possible, if not necessary, to give effect to the phrase "in good faith" according to its usual meaning, as the same is used in section 30 of our act, above quoted.

It is to be observed that it is one who takes a certificate of title for value "and in good faith" who thereafter holds the land free and clear of all charges and interests not noted in the last certificate of title in the registrar's office. In other words, the purchaser in order to be protected by the certificate must act "in good faith." A purchaser in good faith has been defined as "one who buys honestly for a valuable consideration and without notice." 28 C. J. 716. Thus it has been held that under a statute providing that those only who purchase in good faith shall be protected by a prior record of their deed, means to purchase without knowledge of an outstanding incumbrance, or any infor-

mation sufficient to put the purchaser upon inquiry; and the law would not protect one who purchases land with knowledge of an outstanding unrecorded mortgage. *Mueller v. Brigham*, 53 Wis. 173, 10 N. W. 366, cited in 4 Words and Phrases (First Series), 3120. Therefore, one would not take a certificate of title in good faith if he takes it with actual knowledge of some right against the land which is not noted on the last certificate. Holders of judgment liens stand on the same footing as subsequent purchasers, so far as the matter of notice is concerned. *Colburn v. Gilcrest*, 60 Colo. 92, 151 Pac. 909; *Wedman v. Carpenter*, 65 Colo. 63, 65, 173 Pac. 57. See, also, note in 13 L. R. A. (N. S.) 108.

It is generally held that possession precludes anyone from being an innocent purchaser as to such possessor. *Janes v. Wilkinson*, 2 Kan. App. 361, 42 Pac. 735; *Rankin Mfg. Co. v. Bishop*, 137 Ala. 271, 34 So. 991; *Banks v. Allen*, 127 Mich. 80, 86 N. W. 383; *Smith v. Reid*, 134 N. Y. 568, 31 N. E. 1082; *Peterson v. Philadelphia Mortg. & T. Co.*, 33 Wash. 464, 74 Pac. 585. See, also, note, 13 L. R. A. (N. S.) 53. An innocent purchaser is a purchaser in good faith. 32 C. J. 574. One is not a purchaser in good faith merely because he does not have actual knowledge of the fact 'of possession.

I find nothing in our Torrens Land Law from which it must be held that all the law relating to the effect of notice by possession is abrogated. Only in one way is such law changed. That seems to be by section 34 of the act, section 4960 C. L. 1921, reading as follows: "No title to registered land in derogation of that of the registered owner shall ever be acquired by prescription or adverse possession."

That section leaves one in possession the right to assert whatever right he has under which he has possession. All that this section does is to prevent such possessor from acquiring title by adverse possession.

The plaintiffs in error rely largely upon section 33 of the act (section 4959 C. L. 1921) the material part of

which reads as follows: "All dealings with the land or any estate or interest therein after the same has been brought under this act, and all liens, incumbrances and charges upon the same shall be made only subject to the terms of this act."

This section should be read with section 54 (section 4980 C. L. 1921) which provides, among other things, that nothing contained in the act shall be construed "to change or affect in any way any other rights or liabilities created by law and applicable to unregistered land, except as otherwise expressly provided" in the act.

In my opinion, these sections do not necessitate upholding the contention that a subsequent purchaser or a judgment creditor is not affected by the notice given by possession where the land involved is registered land. I do not agree with the majority opinion that the purpose of the act "was to escape from the old rules governing the transfer of real estate," but think the purpose of the act was to do away with cumbersome abstracts of title, and substitute the certificate of title for the abstract. Under the "old rules" the holder of the abstract could not entirely rely thereon, but was affected by notice given by the possession of another. Under the registration act the holder of a certificate should be in no different position than the holder of an abstract, in this matter.

I am authorized to state that Mr. Justice Campbell and Mr. Justice Sheafor concur with the views herein expressed.