## EDWARD DOUGLAS ABRAHAMSON AND ANOTHER v. HAZEL SUNDMAN.[1]

March 2, 1928.

No. 26,440.

**Foreclosure of mechanic's lien upon registered land.**

1. A mechanic's lien upon land, the title of which has been registered under the Torrens act, filed with the registrar, and duly foreclosed without making the parties in possession defendants, such parties having taken possession under a conveyance from a grantee of the registered owner, but neither conveyance having been filed with the registrar, passes an indefeasible title in fee to the party who, after the expiration of the time for redemption, obtains by order of court a new certificate upon the cancelation of the certificate of the registered owner at the time the lien was filed and the notice of lis pendens registered, such registered owner being a party defendant in the foreclosure action.

**When judgment does not affect holder of new registration certificate.**

2. A judgment in an action to which the mechanic's lien claimant or its successor in interest was not made a party, and of which the registrar's records contain no notice, has no effect upon the holder of the new certificate of title issued pursuant to the order of court.

Records, 34 Cyc. p. 605 n. 59.

[1]Reported in 218 N. W. 246.

Plaintiffs appealed from a judgment of the district court for Hennepin county, Reed, J. decreeing defendant to be the owner of a certain lot in said county. Affirmed.

W. T. Coe and *Henry H. Bank,* for appellants.

*Norton & Norton,* for respondent.

HOLT, J.

Plaintiffs appeal from a judgment decreeing defendant to be the owner in fee of a certain lot in Hennepin county.

The title to the lot was registered under the Torrens act and a certificate of title issued to Tuxedo Park Company, a Minnesota corporation, January 16, 1914. Several years later, but prior to August, 1923, Tuxedo Park Company conveyed the lot by warranty deed to Swan J. Johnson, who erected a house thereon and then conveyed to plaintiffs who went into possession August 31, 1923, and have ever since remained in possession; but neither of said deeds was ever filed in the registrar's office, and no memorial in respect to said lot was ever noted on the registration certificate until September 14, 1923, when the Glass-Melone Lumber Company filed a mechanic's lien statement for lumber furnished Swan J. Johnson for building the house upon the lot. On June 1, 1924, notice of lis pendens was duly filed with the registrar to foreclose said lien, in which action Swan J. Johnson and wife and Tuxedo Park Company were made defendants, judgment was duly entered and the lot sold, the sale confirmed by the court, and after the time for redemption expired, there being no redemption, on application to the court, the certificate of the Tuxedo Park Company to the lot was canceled February 10, 1926, and a new certificate of title duly issued to the Glass-Melone Lumber Company and in turn canceled, that company having conveyed to defendant, to whom a new certificate of title was issued. Although plaintiffs were in possession of the lot, they were not made parties to the lien foreclosure proceeding nor served with notice of the application made to the court, after the expiration of the time for redemption, to cancel the registered title held by the Tuxedo Park Company and for the issue of a new certificate in lieu thereof to defendant, the vendee of the Glass-Melone Lumber Company.

We have then this situation: Since 1914 Tuxedo Park Company has been the owner in fee of the lot by a title established under the Torrens act. In the registrar's records that title has now passed to defendant. No flaw is found in the proceedings under the Torrens act by which the Glass-Melone Lumber Company established and enforced its mechanic's lien, and which eventually resulted in the extinguishment of the record ownership of Tuxedo Park Company and the succession thereto of defendant, unless the lien claimant was required to take notice of plaintiffs' possession and make them parties to the lien foreclosure. A title is created by the decree and certificate of registration. Henry v. White, 123 Minn. 182, 143 N. W. 324, L. R. A. 1916D, 4, and cases therein cited. There is here no question but that, when the title to the lot was originally registered under the Torrens act, all parties were served so that the decree entered created an indefeasible title in fee in Tuxedo Park Company. When the Glass-Melone Lumber Company filed and foreclosed its mechanic's lien, could it safely rely on the fact that no memorial or notation had been entered on the registration certificate nor any document filed with the registrar affecting the lot? In other words, was it necessary to ascertain who was in possession and make him a party to the foreclosure? No one acquires rights in registered land by going into possession. The law provides:

"No title to registered land in derogation of that of the registered owner shall be acquired by prescription or by adverse possession." G. S. 1923, § 8248.

Section 8271 provides:

"Every person receiving a certificate of title pursuant to a decree of registration, and every subsequent purchaser of registered land who receives a certificate of title in good faith and for a valuable consideration, shall hold the same free from all incumbrances, and adverse claims, excepting only such estates, mortgages, liens, charges and interests as may be noted in the last certificate of title in the office of the registrar, and also excepting any of the following rights or incumbrances subsisting against the same, if any, namely: * * *

"3. Any lease for a period not exceeding three years when there is actual occupation of the premises thereunder. * * *"

Hence the only right or title that the occupation and possession by one other than the registered owner indicates or gives notice of is a leasehold interest of not more than three years' duration. No contract or deed concerning registered land can take effect as a conveyance or bind or affect the land except as authority to registrar to make registration. "The act of registration shall be the operative act to convey or affect the land." § 8293. A Torrens title being created by a decree of court and protected by statute so that no one may thereafter acquire any right, lien or interest therein by or through possession or occupation, no reason is apparent for making the occupant, who by no memorial or notation upon the certificate of registration is connected with the title, a party defendant in any action foreclosing a mortgage or mechanic's lien duly registered.

We have found but two cases on the question which directly hold that possession of real estate taken after the title thereto has been duly registered is not notice of any rights therein to one who is a good faith purchaser for value. One is Bjornberg v. Myers, 212 Ill. App. 257. It is true, the Illinois Torrens act has a section, not found in our act, which reads:

"Except in case of fraud, and except as herein otherwise provided, no person taking a transfer of registered land, or any estate or interest therein, or of any charge upon the same, from the registered owner shall be held to inquire into the circumstances under which or the consideration for which such owner or any previous registered owner was registered, or be affected with notice, actual or constructive, of any unregistered trust, lien, claim, demand or interest; and the knowledge that an unregistered trust, lien, claim, demand or interest is in existence shall not of itself be imputed as fraud." [Smith-Hurd Rev. St. 1923, c. 30, § 86.]

In that case the registered owner gave a written contract for deed to one who at once went into possession, but did not file his contract with the registrar; the registered owner duly mortgaged the land to one who had actual knowledge both of the possession and the

contract, and it was held that the mortgage took precedence over the rights of the occupant.

Colorado's Torrens act is virtually the same as ours concerning the provisions here pertinent, and it was held, three justices dissenting, in Sterling Nat. Bank v. Fischer, 75 Colo. 371, 226 P. 146, that one who takes a certificate of registered land for value and in good faith is a purchaser in good faith, though the land is in possession of another.

There can be no question but that one who by virtue of a mechanic's lien acquires title to registered land is a purchaser in good faith for value. The only question here is whether in the foreclosure of such a lien he can terminate all rights and interests to the property by making those only parties to the suit who appear from the certificate or some memorial or notation thereon to have some right, title, or interest in the land. We think he can, except the rights only of one in possession under a lease for a term of not more than three years.

Plaintiffs rely on Follette v. Pacific L. & P. Corp. 189 Cal. 193, 208 P. 295, 23 A. L. R. 965, and Riley v. Pearson, 120 Minn. 210, 139 N. W. 361, L. R. A. 1916D, 7; but it is to be noted that both cases relate to occupants who, at the time the original registration was decreed, were not made parties thereto, and hence could attack the decree. To such authorities may be added Gill v. Frances Inv. Co. (C. C. A.) 19 F. (2d) 880. But that is quite another question from the one here presented, where a conceded valid decree as to all the world has registered the title to land in a certain party. From thence on that land and the title thereto can be affected, transferred or encumbered only under the provisions of the Torrens act. All persons attempting to deal with the land and the title thereto have to take notice of the fact that the land is registered. Therefore one who takes possession without any notation or memorial of his right upon the registration certificate must be charged with knowledge that his possession is not notice of any interest in him, and that such possession will never ripen into a right adverse to the registered owner.

In the instant case the registered owner from 1914 was Tuxedo Park Company; its certificate contained no notation or memorial of a claim of lien, interest, or estate of any other person until the mechanic's lien of Glass-Melone Lumber Company was properly filed and noted thereon. This lien was subsequently adjudicated and the title of Tuxedo Park Company transferred through the judicial sale under a decree which bound and cut off the right of redemption of all who had any interest in the title as disclosed by the original certificate or by any memorial or notation thereon. This transfer of the title to defendant is without flaw as to everyone who under the Torrens act had or could have any interest in the lot. None other can question the indefeasible title defendant obtained, except an occupant under a lease of a term not exceeding three years. Plaintiffs claim no leasehold interest.

Plaintiffs rely on a decree in an action between them and Swan J. Johnson wherein the conveyance from the latter to plaintiffs was rescinded for fraud, and damages in the sum of $1,500 were awarded plaintiffs and they decreed possession until such damages were paid. Neither defendant nor her predecessor in interest was made a party defendant, nor was notice of lis pendens filed with the registrar, nor any memorial or certified copy of the judgment or any notation of plaintiffs' right in virtue of that judgment filed with the registrar. It is clear that that judgment has no effect on defendant's Torrens title.

The judgment is affirmed.