W. C. ACHI *vs.* KAUWA *et al.*

EXCEPTIONS TO RULINGS OF McCULLY, J.

JANUARY TERM, 1885.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

The actual possession of land by a party, under an unrecorded deed, is constructive notice to a subsequent purchaser of the land, whose deed is recorded.

OPINION BY AUSTIN, J.

THIS is an action of ejectment.

The plaintiff was the grantee of the heirs of the patentee of the land by a recorded deed. The defendants claim under an unrecorded deed from the patentee, dated in 1867, to the defendants constituting a "hui" (firm), and show that some of the defendants live and are supported on the land, and cultivate parts of the same yearly, and fence what they cultivate; and that there are two houses on the land which have stood a long time.

The plaintiff claims that this unrecorded deed is void under Sec. 1262 of the Civil Code, which provides that it "shall be void against any subsequent purchaser in good faith and for a valuable consideration not having actual notice of such conveyance, whose conveyance shall be first duly recorded."

To make the second deed hold, the claimant under it must purchase in good faith, for value, not having actual notice of the first deed.

The New York recording act provides that "an unrecorded deed shall be void against a subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall be first duly recorded."

In *Tuttle vs. Jackson*, 6 Wend., 213, the leading case in the Court of Errors in New York, decided in 1830 under the latter statute, it was held that actual possession of the land sold under an unregistered deed is constructive notice to the purchaser and imposes upon him the duty to inquire as to the rights of the per-

son in possession, and that as to him the purchaser cannot have the benefit of the recording act, because not deemed a purchaser in good faith for value. This decision has been followed and never since questioned in that State.

See *Brown vs. Volkening*, 64 N. Y., 76. To sustain his view the Chancellor cites the opinion of Chief Justice Parsons in *Norcross vs. Widgery*, 2 Mass., 508. Thereafter, however, and prior to the case of *Pomroy vs. Stevens*, 11 Met., 244, cited by plaintiff's counsel, decided in 1846, a statute was passed in Massachusetts which expressly provides " that no conveyance of real estate shall be valid and effectual against any person other than the grantor and his heirs and devisees and persons having actual notice thereof, unless it is made by a deed recorded as the statute directs." And under this statute it was and is held in Massachusetts that no implied or constructive notice of an unregistered deed will give it validity against a subsequent purchaser.

In 6 Wend., 257, Chancellor Walworth refers to *Doe vs. Alsop*, 5 Barn. and Ald., 142, decided under the Middlesex Registry Act, 7 Anne, Chap. 20, where the holding was like that in the Massachusetts cases, and says that the act is imperative, that the conveyance shall be void against any subsequent purchaser, and that the words *bona fide* purchaser are not used in the act; and refers to a similar decision in Virginia, where the law and the decision were subsequently changed.

See also *Daniels vs. Davidson*, 16 Vesey, 268, 17 Vesey, 433, where the New York doctrine is sustained. In equity and at common law without reference to special statutes; and, it seems to us, upon reason; good faith requires a purchaser of land to take his title subject to the claims of parties in possession when he ·buys. Under our statute, if the party in open possession is unable to show actual notice of his unregistered deed to a subsequent purchaser, his possession is constructive notice to such purchaser of all his rights, and he cannot be disturbed therein.

In the case at bar the land was agricultural land. Of such land the possession, as shown under a deed conveying the whole, is sufficient to constitute constructive notice of the defendants' rights to the whole, by many authorities both here and in the United States. See *Maule vs. Waihee Sugar Co.*, 4 Hawn., 637.

We have lately fully considered the nature of adverse possession of similar lands in this country and fully examined the line of authorities cited by the plaintiff's counsel under this point. We do not deem it necessary to re-examine the same now. See *Mahukaliilii vs. Hobron,* ante 104.

For these reasons the exceptions are overruled.

*W. R. Castle,* for plaintiff.

*F. M. Hatch,* for defendants.

Honolulu, March 10, 1885.