## SEIICHI AKAGI *v.* YUKI OSHITA.

### No. 2151.

Submitted December 10, 1934.          Decided March 23, 1935.

Coke, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY COKE, C. J.

The material facts are: Annie K. Wong Leong being the owner of a fee simple title to a tract of land situated on Hall Street in the city of Honolulu and having theretofore obtained registration of her title under the provisions of chapter 186, R. L. 1925, usually referred to as the Torrens Land Act, in March, 1926, executed a lease of the premises to one Chinjiro Sakaki for a period of twenty years. In August, following, Sakaki, with the consent of his landlord, mortgaged the leasehold to plaintiff appellee, Seiichi Akagi, to secure payment of a loan to him of six thousand dollars. This mortgage was also consented to by the landlord. The lease, mortgage and consents thereto were duly noted on the owner's certificate of title. In January, 1930, Sakaki executed a sublease of a portion of the premises to the defendant appellant, Yuki Oshita, for a term of six years. The sublease was likewise consented to by the landlord but was not noted on the owner's certificate of title nor was any memorandum thereof entered in the records of the assistant registrar of the land court. The sublessee went into possession of the property so demised to her and is still in possession thereof. In January, 1931, Sakaki, in consideration of the cancellation of his note and mortgage and the discharge of his six thousand dollar obligation to appellee and with the consent of the landlord, duly assigned and set over the remaining term of his lease to appellee. When the latter endeavored to take possession of his newly acquired leasehold he found the appellant in possession of that portion which had theretofore been demised to her by Sakaki and upon her refusal to vacate appellee instituted an action of ejectment in the circuit court for the purpose of obtaining possession of the prop-

erty. The cause was tried jury waived and at the conclusion of the evidence the trial judge rendered a decision in favor of appellee and caused judgment to be entered thereon. From this decision and judgment appellant, Yuki Oshita, comes to this court on a bill of exceptions.

In June, 1931, the owner subdivided lot 4 into lots 4A and 4B. The latter, containing an area of 1,030 square feet, is the premises occupied by appellant and now in dispute. Appellee concedes that appellant was in possession of lot 4B at the time he acquired the leasehold interests of Sakaki but denies that he had any knowledge of such possession until after he acquired the leasehold and the trial court on the evidence submitted properly found this to be a fact. The appellant urges that because she was in possession of the property, although under a lease not noted on the certificate of title, the appellee was charged with constructive notice of her possession and of her rights and equities in the property and therefore her right to occupy lot 4B is superior to any rights acquired by appellee under the assignment of lease to him by Sakaki.

It is clear to us, as it appears to have been to the trial court, that if this property had not been brought under the provisions of chapter 186, R. L. 1925, created for the registration of land titles and based upon the Torrens Land Act, the appellant's open possession of the property would have constituted constructive notice to the appellee of her rights and the appellee could not be deemed to be a purchaser in good faith. (See *Achi* v. *Kauwa*, 5 Haw. 298 and *Yee Hop* v. *Young Sak Cho*, 25 Haw. 494, 506.) In the latter case this court said: "The petitioners being in open possession the law imposes upon respondents the duty to make reasonable inquiry as to the rights of the persons in possession and if they failed to do so they cannot be deemed to be purchasers in good faith for value." The rule invoked was the rule at common law and is still

the rule in those cases where the title has not been registered but the title to the land involved in this proceeding was duly registered and we are controlled by the provisions of chapter 186, R. L. 1925, and not by any doctrine of the common law which contravenes the statute.

The following provisions of chapter 186 have direct bearing upon the question under consideration: "No title, right or interest in, to or across registered land in derogation of that of the registered owner shall be acquired by prescription or adverse possession." Sec. 3236.

"An owner of registered land may convey, mortgage, lease, charge or otherwise deal with the same as fully as if it had not been registered. He may use forms of deeds, mortgages, leases or other voluntary instruments like those now in use and sufficient in law for the purpose intended. But no deed, mortgage or other voluntary instrument, except a will and a lease for a term not exceeding one year, purporting to convey or affect registered land, shall take effect as a conveyance or bind the land, but shall operate only as a contract between the parties, and as evidence of authority to the registrar or assistant registrar to make registration. The act of registration shall be the operative act to convey or affect the land, and in all cases under this chapter the registration shall be made in the office of the assistant registrar for the district or districts where the land lies." Sec. 3239.

"Leases of registered land for a term of one year or more shall be registered in lieu of recording." Sec. 3253.

In its final analysis the case before us resolves itself into the single question, namely, Did appellee acquire through his duly registered assignment of the Sakaki lease a superior right in the property to that of appellant whose claim is based upon an unregistered sublease from Sakaki and her possession of the premises, which sublease and possession were unknown to appellee at the time he purchased

the Sakaki lease? Some courts have held that registration of title does not do away with the effect of actual notice. By other courts it has been said that a transferee's title will not, except in case of fraud, be affected by either actual or constructive notice of an unregistered claim. Some courts have held that a *bona fide* purchaser from one having registered title is not bound to make inquiry as to matters occurring prior to the date of the transferor's certificate. And again it has been decided that a transfer of registered land to a *bona fide* purchaser conveys an indefeasible title but the act only protects the *bona fide* purchaser; that where a transferee takes with knowledge that his transferor acquired title by fraud or where a purchaser buys registered land with full notice of the fact that it is in litigation between the transferor and a third party he is not a purchaser in good faith. (See 53 C. J., 1140.) Whether a transferee of registered property is a purchaser in good faith if he have actual notice of the fact that a third party is in open possession presents a question regarding which the decisions are not in harmony but one that is not involved here because in this case there is evidence sufficient to support the court's finding that the appellee at the time of acquiring the ownership of the Sakaki leasehold had no notice of appellant's possession of the premises. But we are in this case necessarily called upon to determine the question whether a transferee of registered real property for value is to be deemed to have a superior right to a third party in possession although the transferee at the time of the transfer had no knowledge of such possession.

The Torrens Land Act of Minnesota is strikingly similar to that of Hawaii. In passing on a case in many respects parallel to the one here involved the supreme court of that State after pointing out that the Torrens Act abrogates the doctrine of constructive notice except as to mat-

ters noted on the certificate of title proceeded to say that the purpose of the Act was to establish an indefeasible title free from all rights or claims not registered with the registrar of title with certain unimportant exceptions to the end that any one may deal with such property with the assurance that the only rights or claims of which he need take notice are those so registered. The syllabus contains the following language: "The registered owner gave a contract for deed under which the purchaser took possession, but the contract was not registered. Thereafter the owner gave a deed to a third party subject to the contract, but the deed was not registered. Subsequently a creditor of the owner attached the land, obtained judgment and sold the land under execution. As these proceedings were duly registered, the rights acquired thereby are superior to the rights under the unregistered deed and contract." *Re Application of Juran,* 178 Minn. 55. See also *Abrahamson* v. *Sundman,* 174 Minn. 22.

The appellate court of Illinois in *Bjornberg* v. *Myers,* 212 Ill. App. 257, announced a rule even more drastic against an unregistered claimant, the court saying: "Under the Torrens Act * * * a registered trust deed from the registered owner of the premises gives the grantee a lien superior to that of one who is in possession of the premises under a prior unregistered contract of purchase on which the purchaser has made payments, even though such grantee knew of the contract."

In *Hacken* v. *Isenberg,* 210 Ill. App. 120, it was held that the Torrens Act was a special Act concerning registration of land titles and supersedes any rules of the general law with which it is in conflict. In *Fels* v. *Knowles,* 26 New Zeal. L. 604, the court characterized the Torrens System in the following clear language: "The cardinal principle of the statute is that the register is everything, and, that, except in cases of actual fraud on the part of

the person dealing with the registered proprietor, such person, upon registration of the title under which he takes from the registered proprietor, has an indefeasible title against all the world." And again the same court in *Mordaunt's Assignee* v. *Gibson,* 33 New Zeal. L. 1423, said: "The Land Transfer System can take no notice of agreements. Registration is necessary to effect a transfer of an interest. But what the second mortgagee asks the court to do is to record the unregistered memorandum or the agreement as transferring to him a priority and giving to him a right without any registration thereof. Were unregistered documents to be recognized as affecting registered documents the Land Transfer System would be destroyed. * * * The mere execution of registrable instruments transfers no interest. Registration is necessary to give effect to them."

The case most strongly relied upon by appellant is *Follette* v. *Pacific L. & P. Corp.*, rendered by the supreme court of California and reported in 189 Cal. 193. The California court appears to have adopted the rule that the purchaser of property which is in the actual, open, exclusive, notorious possession and occupancy of another cannot be deemed to be a *bona fide* purchaser of such property so as to acquire title thereto which would be superior to the rights and interests of the person in possession. The court cites in support of these conclusions *Scheerer* v. *Cuddy,* 85 Cal. 270 and *Bessho* v. *General Petroleum Corp.*, 186 Cal. 133. The first of these decisions long antedated the enactment of the Torrens Title System in the State of California and the *Bessho* case did not in the slightest involve the construction or application of the Torrens Act. The most that can be said of these decisions is that they reaffirm the ancient and well-recognized doctrine announced by this court in *Achi* v. *Kauwa,* and *Yee Hop* v. *Young Sak Cho, supra.* The facts in the *Follette* case

were materially different from those involved in this proceeding. One important dissimilarity is that in the California case the unregistered claimant was in open and exclusive possession of an easement in the land at the time the application for registration of title was filed. Its name was not mentioned in the petition as an occupant nor was it given personal notice of the proceedings as required by statute. The court very properly held that the certificate of title was obtained by fraud and was void as to the owner of an easement in possession as having been obtained without due process of law. And the court further held that as against such person in possession a purchaser from a person who has fraudulently obtained registration of title cannot assert a better right to the property than that which his predecessor had or could have asserted. The California court concluded its opinion in the following language: "Our conclusion therefore is: (1) That the registration of the title to the premises in question by Bogart, under whom the appellant herein claims, was, as to the respondent herein, void, as obtained by fraud and without such service of notice upon the respondent in the actual possession and occupancy of the premises as was required by the terms of the Torrens land title law in order to constitute due process of law. (2) That the respondent was entitled to assert the invalidity of said proceeding in this action and that its affirmative pleading herein constituted a direct attack upon the decree in such proceeding. (3) That the appellant, as the successor in interest of said Bogart, taking title under said void decree, was not, as to the respondent in the actual possession and occupancy of the premises, a purchaser in good faith of said title. (4) That the provisions of the land title law which purport to entitle the purchaser of a registered title to the premises in the actual possession and occupancy of another to hold the same su-

perior to the prior rights and interests of such possessor, notwithstanding that such registered title is subject to the infirmities shown to exist in the instant case, are obnoxious to the provision of the federal constitution, which provides that persons shall not be deprived of their property without due process of law."

In the case before us no constitutional question is involved nor is appellee's title subject to the infirmities referred to in the California case. It is an established practice of courts to reach their conclusions in the light of the peculiar circumstances existing in each separate proceeding. No one questions the regularity or validity of the registration proceedings instituted by Annie K. Wong Leong culminating in the issuance of a certificate of title to her. The lease obtained by Sakaki was duly registered as was also the mortgage on the leasehold and the subsequent assignment of the lease to appellee. The appellant obtained a sublease of a portion of the premises but failed to have a memorial of her right entered of record. The appellee at the time he purchased the leasehold from Sakaki had no actual notice or knowledge of the appellant's possession or of her claim to or of her interest in the property. Under these circumstances, to hold that the appellee was not warranted in relying upon the integrity of the certificate of title and the records in the office of the assistant registrar of the land court would be to disregard the letter and spirit of the statute and would in a large measure nullify the Act.

For purposes which are not clear to us the appellant attempts to invoke the law of merger and refers to the rule that the payment and discharge of a mortgage debt may be effected by a transfer to the mortgagee of the mortgaged premises thus creating a merger of the two estates and terminating the mortgage lien. But the doctrine of merger can be of no help to appellant or have any ap-

plication to the issues involved in this case. The appellee canceled his mortgage and discharged a six thousand dollar obligation due him from Sakaki and in consideration received an assignment of the latter's leasehold. Under those circumstances it cannot be said that the transaction was without consideration.

All of the exceptions having been duly considered and found to be without merit are overruled.

*Kemp & Stainback* for plaintiff.

*E. J. Botts* for defendant.