**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000927**
**23-MAR-2023**
**07:53 AM**
**Dkt. 69 SO**

NO. CAAP-18-0000927

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BLUE MOUNTAIN HOMES, LLC, Plaintiff-Appellee,
v.
PENNY PAGE, Defendant-Appellant,
and
JOHN DOES 1-5, and JANE DOES 1-5, Defendants

and

PENNY PAGE, Counterclaim Plaintiff/
Third-Party Plaintiff-Appellant,
v.
BLUE MOUNTAIN HOMES, LLC, Counterclaim Defendant-Appellee,
and
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK
AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC.
ALTERNATIVE LOAN TRUST 2005-69 MORTGAGE PASS-THROUGH
CERTIFICATE SERIES 2005-69, and DOE DEFENDANTS 1-20,
Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0037(2))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

This appeal arises from an ejectment action brought by the third-party purchaser of real property following a non-judicial foreclosure on, and later sale of, the property. Defendant/Counterclaim Plaintiff/Third-Party Plaintiff-Appellant Penny Page (**Page**) appeals from the November 9, 2018 "Judgment Re: Order Granting Plaintiff[/Counterclaim Defendant-Appellee] Blue Mountain Homes, LLC's [(**Blue Mountain**)] Motion for Summary Judgment [Filed July 28, 2018]," entered in favor of Blue

Mountain and against Page by the Circuit Court of the Second Circuit (**Circuit Court**),[1] pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b).[2]  Page also challenges the November 9, 2018 "Order Granting Blue Mountain['s] Motion for Summary Judgment [Filed July 28, 2018]" (**Summary Judgment Order**).

On appeal, Page contends that the Circuit Court erred "in granting summary judgment and holding that Blue Mountain . . . was a bona fide purchaser for value, and thereby erroneously disregarded the fact that the underlying nonjudicial foreclosure was improperly conducted and therefore invalid."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Page's contention as follows and affirm.

## I. Background

In February 2011, Third-Party Defendant The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate Holders CWALT, INC., Alternative Loan Trust 2005-69 Mortgage Pass-Through Certificates, Series 2005-69 (**BNYM**) conducted a non-judicial foreclosure on the subject property (**Property**).

In June 2013, Blue Mountain purchased the property from BNYM.  Specifically, pursuant to a Special Warranty Deed dated June 4, 2013, and recorded in the Bureau of Conveyances on July 30, 2013, BNYM conveyed the property to Blue Mountain.

On January 27, 2014, Blue Mountain filed a complaint for ejectment against Page.  On December 9, 2014, Blue Mountain filed a motion for summary judgment.  On March 20, 2015, the Circuit Court entered its "Findings of Fact, Conclusions of Law

---

[1]     The Honorable Peter T. Cahill presided.

[2]     On October 1, 2019, pursuant to this court's August 30, 2019 order, the Circuit Court filed an Amended Judgment, which entered judgment for possession in favor of Blue Mountain and against Page and dismissed all remaining claims as to all parties.  Page's December 5, 2018 notice of appeal is timely as to the Amended Judgment, pursuant to Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2).

and Order Granting . . . Blue Mountain['s] . . . Motion for Summary Judgment," concluding that Blue Mountain was a bona fide purchaser for value and granting summary judgment for Blue Mountain. On the same date, the court also entered a judgment for possession and a writ of possession in favor of Blue Mountain and against Page.

On May 27, 2015, Page appealed from the judgment for possession and writ of possession, initiating CAAP-15-0000429. See Blue Mountain Homes, LLC v. Page (Blue Mountain I), No CAAP-15-0000429, 2018 WL 2316520 (Haw. App. May 22, 2018) (SDO). Page contended that the Circuit Court erred in granting summary judgment because Blue Mountain had failed to "demonstrate 'that the nonjudicial foreclosure sale was conducted in a manner that was fair, reasonably diligent, and in good faith, and to demonstrate that an adequate price was procured for the property.'" Id. at *1 (brackets omitted). Blue Mountain argued in part that it did not bear that burden, because it was a bona fide purchaser of the Property. Id. at *2.

Addressing Blue Mountain's argument, we ruled that "based on our review of the record, Blue Mountain did not carry its initial burden to establish that it was a bona fide purchaser." Id. at *4. We noted in particular that there was no evidence in the record as to the amount that Blue Mountain paid to acquire title to the Property. Id. at *3. We concluded there were "genuine issues of material fact as to whether [BNYM] purchased the property in good faith for valuable consideration." Id. at *4. We thus concluded that summary judgment was unwarranted and vacated the judgment for possession. Id.

On remand, Blue Mountain filed a motion for summary judgment seeking determinations that Blue Mountain (1) paid valuable consideration for the Property and (2) was a bona-fide purchaser. Page filed a memorandum in opposition, arguing that BNYM's nonjudicial foreclosure was invalid; Blue Mountain was not a bona fide purchaser for value because it had constructive notice of Page's possession, and thus her claims and defenses, at the time of sale; and Blue Mountain failed to conduct reasonable due diligence as a sophisticated investor with a heightened duty

3

of inquiry.

At the October 19, 2018 hearing of Blue Mountain's motion, the Circuit Court stated its understanding that on remand, "the only thing that was going to be decided was whether -- what was the price that was paid." During the hearing, Page conceded that the amount paid for the Property constituted valuable consideration, but asserted: "[t]he issue here is, did [Blue Mountain] take the [P]roperty with notice, either actual or constructive notice, of the claims, disputes of the borrower?" Following oral argument the Circuit Court granted Blue Mountain's motion for summary judgment and engaged in the following exchange with Blue Mountain's counsel:

> [BLUE MOUNTAIN'S COUNSEL]: I just wanted to confirm, so the value is reasonable and we are a bona fide purchaser for value?
>
> THE COURT: Yes. Yes. I mean, . . . they're not disputing the amount, and I'm making the necessary finding, over their objection, noting that there is this argument that . . . the original mortgagor/owner was still in possession, but I don't think that that rises to the level of the notice requiring your client to go back and make all of these inquiries. . . .

On November 9, 2018, the Circuit Court entered the Summary Judgment Order, concluding that: "(1) The amount paid by [Blue Mountain] to purchase the subject real property was fair, reasonable and valuable consideration; and (2) [Blue Mountain] was a bona fide good faith purchaser for value." (Formatting altered.)

## II. Discussion

At the outset, we address a purported jurisdictional issue raised in Blue Mountain's January 17, 2020 statement contesting jurisdiction, which was joined by BNYM. Specifically, Blue Mountain contends that "the scope of appellate jurisdiction should be limited to the scope of remand set forth in this Court's SDO [in Blue Mountain I]." Blue Mountain argues in turn that the "scope of remand" was limited to "the discrete issue . . . [of] whether the amount paid by [Blue Mountain] was valuable consideration [.]" Based on this premise, Blue Mountain appears to contend that our appellate jurisdiction should be

4

limited to the "valuable consideration" issue and encompass no other aspect of Blue Mountain's "[bona-fide purchaser] status."

We first note that we have jurisdiction over this appeal pursuant to HRS § 641-1(a) (2016). That Page may have raised an issue on remand beyond the scope of this Court's remand order does not deprive this court of jurisdiction over the Circuit Court's determination of that issue.

In any event, Blue Mountain's argument regarding the scope of remand is without merit. In vacating the judgment for possession in Blue Mountain I, we did not limit the scope of remand to a determination as to whether the amount paid by Blue Mountain for the Property constituted "valuable consideration." See In re Hawaiʻi Elec. Light Co. (HELCO), 149 Hawaiʻi 239, 241-42, 487 P.3d 708, 710-11 (2021) ("[T]he scope of remand is determined 'not by formula, but by inference from the opinion as a whole.'" (quoting United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996))). Rather, in addressing Blue Mountain's argument that it is a bona fide purchaser of the Property, we determined that: (1) "Blue Mountain must demonstrate that it actually is a bona fide purchaser for value[;]" (2) in reviewing the Circuit Court's grant of summary judgment, we were not bound by the court's conclusion that Blue Mountain was a bona fide purchaser; and (3) "based on our review of the record, Blue Mountain did not carry its initial burden to establish that it was a bona fide purchaser." Blue Mountain I, 2018 WL 2316520, at *3-4. We noted that a bona fide purchaser is "one who acquires an interest in a property for valuable consideration, in good faith, and without notice of any outstanding claims which are held against the property by third parties." Id. at *3 (quoting Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 277, 240 n.27, 361 P.3d 454, 467 n.27 (2015) (quoting 92A C.J.S. Vendor and Purchaser § 547 (2010))). While our analysis pointed out the lack of evidence in the record on the "valuable consideration" issue, we ruled more generally that "[t]here are genuine issues of material fact as to whether [Blue Mountain] purchased the property in good faith for valuable consideration. Id. at *4 (emphasis added). We thus concluded that summary judgment was

unwarranted and vacated the judgment for possession. Id. We did not "explicitly delimit[] the purpose of the remand" or otherwise give directions limiting the scope of the remand. HELCO, 149 Hawaiʻi at 242, 487 P.3d at 711 (2021); see Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawaiʻi, 106 Hawaiʻi 416, 439, 106 P.3d 339, 362 (2005) ("[I]t is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court[.]" (quoting State v. Lincoln, 72 Haw. 480, 485, 825 P.2d 64, 68 (1992))).

Moreover, it appears that the Circuit Court, after indicating that it would consider only the valuable consideration issue, ultimately decided not only that Blue Mountain paid valuable consideration to purchase the Property, but also that "[Blue Mountain] was a bona fide good faith purchaser for value." In deciding the latter issue, the court specifically rejected Page's argument that because she was still in possession of the Property at the time of sale, Blue Mountain had constructive notice of Page's claims. We thus consider the Circuit Court's conclusion that Blue Mountain was a bona fide purchaser for value.

"An 'innocent' or good faith purchaser is 'one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller." Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 367 n.13, 400 P.3d 559, 568 n.13 (2017) (quoting Kaʻu Agribusiness Co. v. Heirs or Assigns of Ahulau, 105 Hawaiʻi 182, 193, 95 P.3d 613, 624 (2004)); see Kondaur, 136 Hawaiʻi at 240 n.27, 361 P.3d at 467 n.27 (defining a bona fide purchaser as "one who acquires an interest in a property for valuable consideration, in good faith, and without notice of any outstanding claims which are held against the property by third parties" (quoting 92A C.J.S. Vendor and

Purchaser § 547)).[3/]  "Purchasers who have constructive notice of another's interest in a property 'cannot accurately be referred to as innocent purchasers.'"  <u>Schick v. Nationstar Mortg. LLC</u>, No. CAAP-18-0000103, 2022 WL 2315570, at *8 (Haw. App. June 28, 2022) (mem.) (quoting <u>Pelosi v. Wailea Ranch Estates</u>, 91 Hawaiʻi 478, 489, 985 P.2d 1045, 1056 (1999)).  "Constructive notice arises as a legal inference, where 'circumstances are such that a reasonably prudent person should make inquiries, and therefore the law charges a person with notice of facts which inquiry would have disclosed.'"  <u>Id.</u> (brackets omitted) (quoting <u>In re Henshaw</u>, 585 B.R. 605, 615 (D. Haw. 2018)).

Here, there is no dispute that Blue Mountain paid valuable consideration for the Property.  Rather, Page argues that Blue Mountain is not a bona fide purchaser because it had constructive notice of Page's claims "based upon her possession of the property at the time of the alleged sale."  Page further argues that "Blue Mountain . . ., wh[ich] was aware that the property was being sold 'AS IS,' failed to conduct reasonable due diligence, and as a sophisticated foreclosed [sic] property investor, had a heightened duty of inquiry, which it failed to uphold, further precluding its status as a bona fide purchaser for value."

We recently addressed similar arguments in <u>Mount v. Apao</u>, No. CAAP-17-0000401, 2021 WL 944203 (Haw. App. March 12, 2021) (mem.).  There, the parties claiming bona-fide purchaser status bought the property at issue at a public auction pursuant to a nonjudicial foreclosure.  There, as here, the appellants cited a number of cases, including <u>Achi v. Kauwa</u>, 5 Haw. 298, 299 (Haw. Kingdom 1885), for the proposition that "a purchaser of land takes his title subject to the claims of parties in possession, and the possession is constructive notice to the purchaser of all the rights of the possessor."  <u>Id.</u> at *4.  We distinguished <u>Achi</u> as follows:

_____

[3/]    Conversely,"[a] non-bona fide purchaser is one who does not pay adequate consideration, 'takes with knowledge that his transferor acquired title by fraud, or buys registered land with full notice of the fact that it is in litigation between the transferor and a third party.'"  <u>Delapinia v. Nationstar Mortgage LLC</u>, 150 Hawaiʻi 91, 100 n.12, 497 P.3d 106, 115 n.12 (2021) (quoting <u>Kondaur,</u> 136 Hawaiʻi at 240 n.27, 361 P.3d at 467 n.27).

There, the plaintiff's interest in the subject property was through a grant under a recorded deed. The defendants claimed rights under an unrecorded deed and showed that some defendants lived on and were supported by the land, cultivated and fenced part of the land, and had two houses on the land that had stood for a long time. [5 Haw.] at 298. The plaintiff claimed the unrecorded deed was void under a statute that provided such unrecorded deed "shall be void against any subsequent purchaser in good faith and for a valuable consideration not having actual notice of such conveyance, whose conveyance shall be first duly recorded." Id. The Achi court rejected the plaintiff's argument, holding that:

> In equity and at common law without reference to special statutes; and, it seems to us, upon reason; good faith requires a purchaser of land to take his title subject to the claims of parties in possession when he buys[.] Under our statute, if the party in open possession is unable to show actual notice of his unregistered deed to a subsequent purchaser, his possession is constructive notice to such purchaser of all his rights, and he cannot be disturbed therein.

Id. at 299. Whereas Achi involved the defendants' claims under an unrecorded deed, in the instant case there are no competing deeds related to the subject property. Rather, the Mounts obtained title through the nonjudicial foreclosure due to the default on the mortgage by the Estate.

Id.

Similarly, here, there are no competing deeds related to the Property. Blue Mountain obtained title from BNYM pursuant to the Special Warranty Deed, after BNYM acquired title through the nonjudicial foreclosure.

We recognize, however, that Page's possession of the Property when it was sold to Blue Mountain was inconsistent with record title, which was held by BNYM.[4] Under these

---

[4] It appears to be undisputed that Page was in open possession of the Property when it was sold to Blue Mountain in June 2013. Blue Mountain submitted evidence that the Property was occupied in 2013, and the purchase agreement between Blue Mountain and BNYM provided, *inter alia*:

> BUYER UNDERSTANDS AND ACKNOWLEDGES: (1) SELLER HAS ACQUIRED TITLE TO THE PROPERTY THROUGH FORECLOSURE, DEED IN LIEU OF FORECLOSURE, OR SIMILAR JUDICIAL, STATUTORY OR CONTRACTUAL PROCESS; (2) SELLER HAS NEVER OCCUPIED THE PROPERTY; . . . .
>
> BUYER AGREES IT IS BUYING THE PROPERTY AS IS, WHERE IS, AS AVAILABLE, AND WITH ALL FAULTS AND LIMITATIONS (INCLUDING, BUT NOT LIMITED TO, PHYSICAL CONDITION, NATURE AND EXTENT OF IMPROVEMENTS, SUITABILITY FOR ANY PARTICULAR PURPOSE, THIRD-PARTY OCCUPANCY/POSSESSION, RESTRICTIONS ON USE, CLOUDS ON TITLE, TAX BURDENS, LIENS, COMPLIANCE WITH LAWS, ETC.)
>
> . . . .

circumstances, Blue Mountain was required to make a reasonable inquiry as to Page's claims or interests in the Property. Cf. Mount, 2021 WL 944203, at *5 ("A purchaser does not have a duty to inquire regarding any unknown claims or interests by a person in possession of real property where the occupant's possession is consistent with the recorded title on the property."); see Yee Hop v. Young Sak Cho, 25 Haw. 494, 505, 506 (Haw. Terr. 1920) (holding that "petitioners being in open possession the law imposes upon respondents the duty to make reasonable inquiry as to the rights of the persons in possession").

Here, as Blue Mountain points out, Page has provided "no insight into what said 'inquiry would reveal.'" The record reflects that at the time Blue Mountain purchased the Property, there was no pending litigation filed by Page relating to the Property.[5] It is also undisputed that Page had not filed a *lis pendens* or taken any other action that could have provided notice to Blue Mountain or others that Page had any claim or interest in the Property. See Mount, 2021 WL 944203, at *6. It was two weeks after Blue Mountain purchased the Property, on June 18, 2013, when Page filed a complaint against BNYM in the Circuit Court, initiating Civil No. 13-1-0698.[6] Based on the undisputed facts, Page's possession of the Property at the time of sale did not give Blue Mountain constructive notice of any claims or interests by Page in the Property. Accordingly, the Circuit Court did not err in concluding that Blue Mountain was a bona fide purchaser for value.

---

BUYER UNDERSTANDS THAT THE PROPERTY MAY BE OCCUPIED AND IN THE PHYSICAL POSSESSION OF A THIRD-PARTY OR SUBJECT TO CLAIMS THEREFORE. . . .

[5] We take judicial notice of the Circuit Court's docket entries and records in Civil No. 11-1-0569, indicating that: (1) On August 24, 2011, BNYM filed an ejectment action against Page; (2) On September 22, 2011, Page filed a counterclaim and third-party complaint; (3) On April 4, 2012, the parties filed a stipulation dismissing Page's counterclaim and third-party complaint pursuant to HRCP Rule 41(c); and (4) On May 29, 2013, the Circuit Court entered an order dismissing the complaint pursuant to then-Rules of the Circuit Courts Rule 12(q). It thus appears that Page's claims relating to the Property had been dismissed for over a year by the time Blue Mountain acquired the Property from BNYM.

[6] We take judicial notice of the June 18, 2013 complaint, as well as the January 31, 2014 stipulation for voluntary dismissal of the action, filed in Civil No. 13-1-0698.

In light of our conclusion, we need not reach Page's contention that the nonjudicial foreclosure conducted by BNYM was invalid.[7]

For the reasons discussed above, we affirm the following judgments entered by the Circuit Court of the Second Circuit: (1) the November 9, 2018 "Judgment Re: Order Granting Plaintiff Blue Mountain Homes, LLC's Motion for Summary Judgment [Filed July 28, 2018]"; and (2) the October 21, 2019 Amended Judgment.

DATED: Honolulu, Hawaiʻi, March 23, 2023.

On the briefs:

| | |
|---|---|
| Frederick J. Arensmeyer for Defendant/Counterclaim Plaintiff-Appellant. | /s/ Katherine G. Leonard Presiding Judge |
| Matson Kelley and Alex Wilkins (Law Offices of Kelley & Wilkins) for Plaintiff/Counterclaim Defendant-Appellee. | /s/ Keith K. Hiraoka Associate Judge |
| | /s/ Clyde J. Wadsworth Associate Judge |

---

[7] As we stated in Blue Mountain I, "this case is different from Kondaur to the extent that the deed transferring the property to Blue Mountain does not contain any limitations to the transfer based on any of Page's rights, the party who was subject to the nonjudicial foreclosure." 2018 WL 2316520, at *2. In addition, because Blue Mountain established that it was a bona fide purchaser for value, it did not bear the burden of demonstrating that the nonjudicial foreclosure sale was conducted in a manner that was "fair, reasonably diligent, and in good faith and that an adequate price was procured for the property." Id. (quoting Kondaur, 136 Hawaiʻi at 229, 361 P.3d at 456); see also Delapinia, 150 Hawaiʻi at 116, 497 P.3d at 101 (holding that a wrongful foreclosure in violation of the power of sale is voidable, not void).