**Richard Gene HIMES, Carol S. Himes, U.S. Life Title Insurance Company of Dallas, Columbia Savings and Loan Association, a Colorado corporation, and Metropolitan Life Insurance Company, Plaintiffs-Appellees,**

v.

**Frank SCHIRO and Rose Schiro, Defendants-Appellants,**

**and**

**Valley Title Company Defendant-Appellee.**

**No. 82CA1276.**

Colorado Court of Appeals, Div. I.

Nov. 7, 1985.

Bartley & Glover, R. Allan Glover, Pueblo, for plaintiffs-appellees.

Law Offices of J.E. Losavio, Jr., J.E. Losavio, Jr., Pueblo, for defendants-appellants.

Shaw, Simons & Quigg, P.C., Lewis M. Quigg, Pueblo, for defendant-appellee.

KELLY, Judge.

The trial court entered judgment quieting title to real property in the plaintiffs, Richard and Carol Himes, and granting injunctive relief prohibiting the defendants, Frank and Rose Schiro, from proceeding with foreclosure of a deed of trust on the property. The Schiros assert that the Himes had constructive notice of a defect in the chain of title and that the trial court erred in concluding that the Himes were bona fide purchasers. We agree and therefore reverse.

The facts are substantially uncontroverted. The Schiros entered into a specific performance contract to sell to Ludwig & Giadone, Inc. (Ludwig) certain real property for subdivision. The Schiros executed a deed conveying the property to Ludwig, describing the property in metes and bounds, and Ludwig executed a deed of trust to secure its promissory note payable to the Schiros. This deed of trust was recorded on October 4, 1979.

At the closing of the sale, which was handled by the defendant Valley Title Company (Valley), the Schiros were requested to and did sign partial releases for lots 1 through 8 to facilitate sale of the lots. This action was taken in compliance with a provision in the specific performance contract whereby the Shiros agreed to grant partial releases as requested.

Although both Ludwig and the Schiros assumed lot 10 would be included in the partial releases to be signed by the Schiros, no partial release for lot 10 was presented. None had been prepared through the oversight of an employee of Valley.

When Ludwig sold lot 10 to the Himes, the oversight was discovered. On November 26, 1979, in an attempt to correct the problem, the manager of Valley, without

the authorization or knowledge of the Schiros, added to a copy of the recorded deed of trust a statement that the trust deed was being re-recorded "to correct" the legal description, which was then accomplished by reciting by number the lots covered by the deed of trust, omitting lot 10 from the recitation. This re-recorded document showed both the October and the November recording stamps. In December, lot 10 was conveyed to the Himes by warranty deed, and Valley issued its title insurance policy to the Himes showing clear title with no encumbrances other than the purchase money mortgage of Columbia Savings & Loan Association.

The trial court found that the Himes were without knowledge of any irregularities in the title, and concluded that the Himes were bona fide purchasers, and had the right to rely upon the deed, title commitment, and representations in the title insurance policy. Accordingly, the court quieted title to the property in the Himes and enjoined the Schiros from further foreclosure proceedings.

The Schiros contend that the Himes had constructive notice of the defects in their chain of title and, hence, were not bona fide purchasers. We agree.

A bona fide purchaser is one who takes property upon payment of value, in good faith, and lacking notice of any defect in the title. *Sterling National Bank v. Fischer*, 75 Colo. 371, 226 P. 146 (1924). Unless otherwise provided by statute, a purchaser has notice of, and is bound by, recitals in conveyances or other instruments of transfer in his chain of title. *Page v. Fees-Krey, Inc.*, 617 P.2d 1188 (Colo.1980); *see Kuehn v. Kuehn*, 642 P.2d 524 (Colo.App.1981).

Here, the first deed of trust recorded on October 4, 1979, reflects an encumbrance on the property sufficient to give the Himes constructive notice of a defect in the chain of title, unless the deed of trust re-recorded on November 26 effected a partial release of lot 10. We conclude that the amended and re-recorded deed of trust had no such effect.

Sections 38-37-123 and 38-37-124, C.R.S. (1982 Repl.Vol. 16A) prescribe the manner in which deeds of trust may be released and partially released. The former section authorizes the public trustee to release deeds of trust upon the request of the beneficiary of the trust deed and upon the production of the original cancelled note as evidence that the indebtedness has been paid. The latter section allows for the release or partial release of a deed of trust prior to the maturity of the note or indebtedness secured upon compliance with the explicit statutory provisions therein stated. We hold that there must be compliance with these statutory provisions in order to effect a release or partial release of a deed of trust. *See Harker v. Scudder*, 15 Colo.App. 69, 61 P. 197 (1900). Accordingly, the amended and re-recorded deed of trust did not remove the encumbrance, the Himes had constructive notice of this encumbrance, and consequently, they were not bona fide purchasers.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

PIERCE and BABCOCK, JJ., concur.