**In re HAMPDEN CENTER, LTD., a Colorado Limited Partnership, Debtor.**

**HAMPDEN CENTER, LTD., a Colorado Limited Partnership, Plaintiff,**

**v.**

**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, a New York Corporation, Defendant.**

**Bankruptcy No. 86 B 0954 C.**
**Adv. No. 89 A 1253.**

United States Bankruptcy Court,
D. Colorado.

Jan. 10, 1991.

---

Barton L. Enoch, Kent H. Borges, Sparks, Dix, Enoch & Winslow, P.C., Colorado Springs, Colo., for debtor, plaintiff.

William G. Horlbeck, Scheid and Horlbeck, Denver, Colo., for defendant.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.*

This matter is before the Court on cross motions for summary judgment in the within adversary proceeding in which the plaintiff/debtor, Hampden Center, Ltd., seeks a determination of the extent, validity and priority of lien, pursuant to 11 U.S.C. § 506, and to avoid lien pursuant to 11 U.S.C. § 544(a).

---

* For the District of Rhode Island, sitting by designation.

1. Also included were two other parcels, numbers 1 and 2, which ownership, and TIAA's lien status, is not disputed.

The parties entered into a Joint Statement of Stipulated Facts, as well as an Amended Joint Pretrial Statement, which succinctly set forth the issues. In addition, both sides have submitted lengthy briefs in support of their respective positions, and upon careful consideration of these memoranda, the exhibits, and the authorities relied upon, we conclude that the plaintiff has failed to state a claim upon which relief can be granted.

## BACKGROUND

For the sake of brevity, we will not restate the entire statement of stipulated facts, but summarize the relevant portions of the dispute as follows:

On December 5, 1972, T.W. Anderson Mortgage Corporation ("Anderson"), then owner of the two parcels of real estate presently in question [1] (parcels 3 and 4), executed a Deed of Trust for the benefit of the defendant, Teachers Insurance and Annuity Association of America ("TIAA"), to secure two promissory notes in the combined principal sum of $3,700,000. Pursuant to the Deed of Trust, Anderson granted to TIAA a security interest in certain property, namely parcels 1 through 4.[2] One and a half years later, on August 16, 1974, these same parties executed a Modification Agreement to the Deed of Trust, which the litigants agree "modified the Deed of Trust by reference solely to Parcel Nos. 1 and 2." (Joint Statement of Stipulated Facts, ¶ 5). In addition, on August 19, 1974, Anderson and TIAA executed a partial release of Deed of Trust, releasing parcel 2 from the lien under the Deed of Trust. *See* Joint Exhibit No. 5.

Thereafter, the four parcels encumbered by the original Deed of Trust were reconveyed several times, eventually to the debtor on August 2, 1982, "for full, fair and good consideration." *See* Joint Exhibit Nos. 10, 11, and 12.

---

2. Said parcels are more particularly described in the Statement of Stipulated Facts, as well as Joint Exhibit 3.

At issue is whether parcels 3 and 4, owned by the debtor, are still subject to TIAA's lien under the Deed of Trust, notwithstanding the Modification Agreement. Although the debtor raises numerous grounds to support its contention that the lien of TIAA no longer encumbers parcels 3 and 4, in light of our ruling below that the Modification Agreement did not affect TIAA's lien as to parcels 3 and 4, we do not reach Hampden's other arguments.[3]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW [4]

■ As we noted above, the Modification Agreement makes no reference to parcel numbers 3 and 4. Rather, this agreement, *without ambiguity*, contains a specific correction of the legal description of parcel numbers 1 and 2, as well as a cross-default provision to TIAA's Deed of Trust. We disagree with the debtor that the last paragraph of the agreement, which states in pertinent part that "except as hereinabove expressly modified, all of the terms, conditions and warranties of the Deed of Trust Notes and the Deed of Trust securing same, ..., shall continue to remain unchanged and in full force and effect as the property last above described herein", should be construed to mean that TIAA intended to and did release its lien on parcels 3 and 4, simply by failing to make reference to them in the Modification Agreement. We find it absolutely implausible that such a material and substantive legal act, as releasing a lien on real estate, could be inferred by the failure to discuss those parcels in the Modification Agreement.

■ Moreover, we agree that the legal authorities presented by TIAA, particularly Colo.Rev.Stat. §§ 38–37–123 and 38–37–124 and *Himes v. Schiro*, 711 P.2d 1281 (Colo. App.1985), are controlling, and that as applied to the facts in the instant proceeding, the position taken by the debtor is without merit.

Section 38–37–123 provides, in pertinent part, that a deed of trust

shall be released by the public trustee upon the request of the beneficiary ... and upon the production of the original cancelled note as evidence that the indebtedness secured by said trust deed has been paid or that the purposes of said trust deed have been fully satisfied.

Colo.Rev.Stat. § 38–37–123(1) (1973).

Where the indebtedness has not been fully paid, but the purpose of the deed of trust has been satisfied.

the public trustee may release the deed of trust pursuant to the provisions of subsection (1) of this section if the original promissory note is exhibited and the request to release states that the purpose of the deed of trust has been fully satisfied.

Colo.Rev.Stat. § 38–37–123(1.5) (1973).

And finally, Section 38–37–124 provides for the release or partial release of a deed of trust before maturity of the note:

The recital, in any release or partial release of any deed of trust ... of the payment or partial payment of the indebtedness secured by such deed of trust ... shall be evidence of such payment, so as to give full effect to such release, if duly and legally executed by the proper trustee ... as to subsequent purchasers or encumbrancers of the property....

Colo.Rev.Stat. § 38–37–124 (1973).

Based upon the stipulated facts, it is clear that these statutory requirements were not complied with. Nowhere in the Modification Agreement is the original promissory note exhibited or even referred to, nor is there any statement that the purpose of the deed of trust has been satisfied. We also agree with TIAA that the

---

**3.** In the Amended Joint Pretrial Statement, the debtor argues that "by its execution and recording of the Modification Agreement, TIAA released its lien on Parcel Nos. 3 and 4, or in the alternative, is estopped from claiming such lien. It is the Debtor's further position that by virtue of TIAA's statements certified to in its Beneficiary Statements dated August 2, 1982 to the Debtor, and to the Debtor's grantor, DVM, TIAA is estopped from asserting a lien with respect to parcel Nos. 3 and 4."

**4.** This opinion constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and FED.R.CIV.P. 52.

Modification Agreement could not operate to release the lien on parcels 3 and 4, where no act by the public trustee was taken, the debtor's argument to the contrary notwithstanding. Further, we are cognizant of and persuaded by the fact that the parties did properly release the lien of the Deed of Trust on parcel 2, in full conformity with the above statutory requirements, concurrently with and as part of the same transaction which resulted in the execution of the Modification Agreement.

The Colorado Court of Appeals, in *Himes, supra*, stated unequivocally that "there must be compliance with these statutory provisions [Sections 38-37-123 and 38-37-124] in order to effect a release or partial release of a deed of trust." *Id.* at 1283. Here, in the absence of compliance with said requirements in the Modification Agreement, which we have determined is unambiguous, the debtor's claim for relief is fatally flawed.

Accordingly, it is ORDERED that plaintiff's Motion for Summary Judgment is DENIED, and TIAA's Motion for Summary Judgment is GRANTED.

Enter Judgment consistent with this opinion.